LAKE, Respondent, vs. LOYSEN, Appellant.

*August 31 — September 21, 1886.*

*Mills and mill dams: Flowage of land: Pleading: Description of land injured, of dam, and of manner of injury.*

1. In an action for injury to land by a mill dam, a complaint describing the land as consisting of certain government subdivisions "except eleven acres heretofore conveyed to the M., L. S. & W.

Lake vs. Loysen.

R. Co. for right of way and depot grounds," and describing the land overflowed and water-soaked as "forty-four acres on the easterly half thereof," is sufficiently definite and certain.

2. In such action the complaint need not state the dimensions of the dam, the excess thereof above a reasonable height, or the times in the year when it should be left open.

3. Where damages are claimed for flowage of a portion of the land and also for injury to the portion not flowed, it is not essential (though perhaps it is better pleading) to state the manner in which the land not flowed is injured.

APPEAL from the Circuit Court for *Outagamie* County.

Appeal from an order denying a motion that the plaintiff be required to make her complaint herein more definite and certain.

The complaint avers that the plaintiff is the owner in fee simple and possessed of the W. ½ of the N. W. ¼ of section 1, in a specified township and range, in Outagamie county, "except eleven acres heretofore conveyed to the Milwaukee, Lake Shore & Western Railway Company for a right of way and depot grounds;" also of the N. ½ of the N. W. ¼ of the S. W. ¼ of the same. section; that the defendant erected a dam, at a specified place, across a certain stream, for the purpose of creating a water power to propel a grist-mill owned by him, and has used, and is still using, the water power thus created, for that purpose, without the consent of the plaintiff; that by means of said dam the waters of such stream have been obstructed, and caused to flow back upon the plaintiff's said land, and to water-soak a considerable portion thereof, "to wit, forty-four acres thereof, to wit, on the easterly half thereof," damaging the plaintiff thereby to the amount of $800, and injuring her other lands not so flowed or water-soaked in the sum of $500; that the plaintiff has received no compensation for such injuries; that such stream is not navigable; that the dam was raised and the water has been and is maintained by the defendant at an unreasonable height; and that the dam ought not to

be kept closed during the whole year. The height and length of the dam are also alleged. The relief demanded is such as is given under the provisions of the mill-dam act. R. S. ch. 146.

The motion, which the court denied, was · to require the plaintiff to make her complaint more definite and .certain in the following particulars: "(1) In relation to the quantity and location of the lands alleged to be owned by the plaintiff, and as to the description and location of eleven acres mentioned in paragraph 1 of the complaint as having been conveyed by the plaintiff. (2) As to the dimensions of the dam described in paragraph 4 of the complaint, and particularly as to the height of the same, and of the high-water mark mentioned therein. (3) In the description of the land alleged to have been flooded and water-soaked, in paragraph 7 of the complaint, by reason of such dam. (4) The cause, nature, character, and extent of the injury alleged to have been done to lands of the plaintiff not flooded and water-soaked, in paragraph 10 of the complaint. (5) An explicit and consistent statement of the amount of damages claimed by the plaintiff from the defendant on account of the injury alleged to have been caused by said dam, up to the time of the commencement of this action. (6) A statement of the amount of the height of said dam which is alleged or claimed by the defendant to be unreasonable, and of the amount, in feet or inches, which the plaintiff claims said dam ought to be lowered. (7) A statement of the time or portion of the year during which it is claimed by the plaintiff said dam ought not to be kept closed."

For the appellant there was a brief by *John Goodland* and *Pierce & Moeskes*, and oral argument by *Mr. Goodland*.

For the respondent the cause was submitted on the brief of *Gabe Bouck*.

Lake vs. Loysen.

LYON, J. 1. The only uncertainty (if there is any) in the complaint, in the description of plaintiff's land, arises from the exception of the eleven acres conveyed to the railway company, which is not specifically described. But the location of that tract may readily be ascertained by reference to the conveyance thereof to the railway company. Moreover, the eleven-acre tract was conveyed for right of way and depot grounds, and presumably is being used for those purposes. A view of the premises would, no doubt, disclose the location of the tract. *Id certum est quod certum reddi potest.* The description, in the complaint, of the plaintiff's land, would, if inserted in a deed, be sufficient to convey the land, and no good reason is perceived why the description thereof in a pleading should be required to be any more definite.

2. For similar reasons we think the description of the lands injured is sufficient. The plaintiff's farm is described by government subdivisions; the exception of the railway lands is sufficiently expressed; and it is charged that forty-four acres on the easterly half of plaintiff's land are injured by the raising of the water. This informs the defendant with reasonable certainty what he is called upon to answer.

3. The claim for damages and the demand for judgment are unobjectionable. It was not necessary to state in the complaint the dimensions of the defendant's dam, or the excess thereof above a reasonable height, or the times in the year when the same should be left open.

4. Perhaps it would have been better pleading had the complaint stated the manner in which the plaintiff's land, not flowed or water-soaked by means of the dam, was injured; and, had the circuit court required her to make her complaint more definite and certain in that particular, probably this court, on appeal, would have affirmed the order. But the *gravamen* of the action is the raising of the water in the stream, and thereby overflowing or soaking the

plaintiff's land.   The effect thereof upon the other lands of the plaintiff is merely an additional element of damages, which, if eliminated from the case, does not defeat the action.   Besides, such effect is a physical fact, the character and extent of which may readily be ascertained by a view of the premises.   It is unlike a naked averment, in a pleading, of a fact which is entirely an inference from other facts; such as an averment of fraud or negligence, where proof of the fraud or negligence is essential to the maintenance of the action or defense.   In such a case the facts from which the inference of fraud or negligence is sought to be deduced should be pleaded, or want of knowledge thereof averred. *Young v. Lynch, post*, p. 514, decided herewith, is an illustration of this rule.

We find no such uncertainty or indefiniteness in this complaint as will justify us in disturbing the order of the circuit court.   On the contrary, we think the pleading is drawn in substantial compliance with the statutory rules in that behalf, and sufficiently apprises the defendant of the nature and particulars of the plaintiff's claim in the action.

*By the Court.*— Order affirmed.