SCHNEIDER, Administrator, Respondent, vs. WISCONSIN CENTRAL COMPANY, Appellant.

*February 4 — February 23, 1892.*

*Railroads: Accident at highway crossing: Pleading: Definiteness.*

In an action for the negligent killing of plaintiff's intestate by a railroad train at a highway crossing, the complaint stated that the highway approached the track from the north through a deep cut, so

that a person approaching from that direction was unable, for a long distance immediately before reaching the track, to see the track or any train thereon coming from the west; that at the time in question the defendant was negligently running a train from the west at the rate of fifty miles an hour, without giving any signal; that at the crossing the track was so negligently constructed as to lower the grade of the highway and create a high bank on the north side of the track, which obstructed the view of the track from those traveling on the highway and rendered the same dangerous to persons passing thereon, by reason whereof said intestate was killed. *Held,* that the court properly refused a motion that the complaint be made more definite and certain by specifying for what distance north of the track the view of the train coming from the west was obscured to a person approaching on the highway from the north, and also by specifying the direction from which the intestate was approaching the track.

APPEAL from the Circuit Court for *Washington* County.

This is an action for negligently killing the plaintiff's intestate, January 17, 1890, about 10 o'clock in the forenoon, at the point where the railway then operated by the defendant crossed the new Fond du Lac road in section 23 in the town of Germantown in the county of Washington. The complaint alleges, in effect, the incorporation of such railway; the operation thereof by the defendant; the appointment and qualification of the plaintiff as such administrator; that said railway ran in an easterly and westerly direction at the point in question, and was there crossed by said highway, running in a northwesterly and southeasterly direction. It also alleges, among other things, that said highway approached said track from the north through a deep cut, so that a person approaching said track thereon from the north was unable, for a long distance immediately before reaching the same, to see said track or any train thereon coming from the west until said track and crossing were reached; that at the time in question the defendant was negligently running one of its trains from the west at the rate of fifty miles per hour,

and negligently omitted to blow any whistle or ring any bell; that at the point of said crossing the railroad track was so negligently and carelessly constructed as to lower the grade of said highway and cause a descent of several feet at said point from the north, and created a high bank on the north side of said track, which obstructed the view of the railroad track from those traveling upon said highway, and rendered the same dangerous to persons passing thereon, by reason whereof said intestate was killed.

This is an appeal from an order refusing to make said complaint more definite and certain by specifying therein for what distance north of said track the view of the train coming from the west was obscured to a person approaching said track on said highway from the north, and also by specifying the direction from which said intestate was approaching said track at the time of the injury.

The cause was submitted for the appellant on the brief of *Howard Morris* and *Thos. H. Gill*, and for the respondent on that of *Barney & Kuechenmeister* and *H. K. Butterfield*.

CASSODAY, J. The defendant expressly disclaims any error by reason of the refusal to strike out a portion of the complaint as irrelevant. The defendant, in a case like this, undoubtedly has the right to be fairly advised of the facts constituting the plaintiff's cause of action. This ordinarily calls for specific allegations of fact, unless from the nature of the case the plaintiff cannot make them so. *Young v. Lynch*, 66 Wis. 514; *Palmer v. Hawes*, 73 Wis. 50. But here the complaint does fairly advise the defendant of the facts constituting the cause of action, within the repeated decisions of this court. *Lake v. Loysen*, 66 Wis. 424; *Carey v. C. & N. W. R. Co.* 67 Wis. 608; *Brunswick-Balke-Collender Co. v. Rees*, 69 Wis. 453; *Cheney v. C., M. & N. R. Co.* 75 Wis. 223. The intestate was killed by the defend-

ant's locomotive at the crossing particularly specified. It occurred in the day-time. The defendant, by its agents and employees, was necessarily present at the time and witnessed the accident. Death closed the mouth of the intestate. Under the circumstances, the complaint of the administrator is sufficiently definite and certain. *Burnham v. Milwaukee*, 69 Wis. 384.

*By the Court.*— The order of the circuit court is affirmed.