.THE FEDERAL BETTERMENT COMPANY v. JOHN W. REEVES.

No. 15,319.   (93 Pac. 627.)

SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment.* An application for leave to amend an answer, made when the case is called for trial, may properly be denied where it is not made to appear that the proposed amendments are material and the reasonable necessity thereof is not shown.

2. PERSONAL INJURIES—*Opinion Testimony—Bodily Appearance and Conduct.* In an action to recover damages for personal injuries corporal appearance and conduct, as indicating health or the lack of it, are relevant, and such ordinary indications may be testified to by any competent person who was in a situation to know. Such appearances, and the ability to labor before and after the injury, are ordinarily proper to be considered in determining the extent of the hurt.

3. ——— *Continuing Disability—Evidence.* Where it is claimed that the disability from such injury continues, the limits of time covered by such evidence must depend on the circumstances of each case and the probability of intervening changes, and must be left to the wise discretion of the trial judge.

4. ——— *Testimony of Exclamations of Pain.* Where the bodily

condition of a person is a subject of inquiry, exclamations of present pain or suffering made by the party who claims to have been injured may be received in evidence in connection with his appearance and conduct where they appear to be the natural and spontaneous expressions of present feeling.

5. CORPORATIONS — *Proof of Corporate Existence Supplied by Adverse Party.* Where the existence of a corporation is denied by the defendant, any insufficiency in the proof of that fact offered by the plaintiff is immaterial where the defendant has in the same action supplied such proof and filed in the court a copy of its charter.

Error from Neosho district court; LEANDER STILLWELL, judge. ·Opinion filed January 11, 1908. Affirmed.

*F. T. Burnham,* and *George W. Dashiell,* for plaintiff in error; *C. S. Denison,* of counsel.

*W. R. Cline,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: A former judgment in this action was reversed. (*Betterment Co. v. Reeves,* 73 Kan. 107, 84 Pac. 560.) Upon a new trial the plaintiff, John W. Reeves, again recovered, and this proceeding is brought by the company to review the proceedings upon the second trial.

The facts are fully stated in the former opinion. The negligence charged is, in brief, the failure of the company, engaged in furnishing gas, to place a regulator on its lateral line leading from its high-pressure main to the meter in the factory where the plaintiff was working, thereby causing an explosion and resulting in personal injuries to the plaintiff.

Various errors are assigned. The first error complained of is the refusal of the court to allow a motion for further security for costs. This motion was first presented when the case was called for trial. There was no error in this ruling. The court in its discretion might well refuse to entertain such a motion at that

time. Besides, the judgment being against the moving party, he is not prejudicially affected by such ruling. (*Wilcox v. Byington,* 36 Kan. 212, 12 Pac. 826.)

At the same time the defendant asked leave to amend its answer, but the nature of the proposed amendment was not shown nor any reason given why an earlier application had not been made. In these circumstances it does not appear that the refusal of the court to permit such amendment was erroneous. Such applications are made to the discretion of the court, and the reasons upon which they are asked ought to be frankly stated and the reasonable necessity thereof shown. To secure a reversal upon that ground it must affirmatively appear that the amendments refused were material and proper to be made. (*Byington v. Comm'rs of Saline Co.,* 37 Kan. 654, 16 Pac. 105.)

The next complaint, and the one principally relied upon, is directed against the rulings of the court upon the evidence offered by the plaintiff. These objections to testimony may be resolved into two groups, or classes: First, to the testimony offered to show that plaintiff was a strong, able-bodied man, capable of doing regular manual labor, before the injury, and that he was infirm and his ability thus to labor was impaired after the injury; and, second, to the evidence of exclamations or utterances of pain given by the plaintiff at various times after the alleged injury.

The evidence tended to show that the plaintiff was thrown several feet by the explosion of the meter, and suffered an injury to his head and ear, affecting his general health, causing pain, and impairing his physical powers; and it was claimed that such injuries were permanent in their effects. To substantiate this claim his physical condition before the injury was shown by those who had the opportunity to know, as was the fact that he worked in toilsome occupations. His appearance before and after the injuries, as to health and strength, was also testified to. All this was objected to,

8—77 KAN.

but the evidence was properly received. Corporal appearances and conduct, as indicating health or the lack of it, are relevant, and such ordinary indications may be testified to by any competent person who was in a situation to know. The looks, appearance and conduct of a person, his ability to labor before and after an alleged injury, are ordinarily competent in determining the effect and extent of the hurt. (Wig. Ev. §§ 190, 223, 225, 568.) In many cases a witness, although not an expert, may be permitted to state the result of his observation, notwithstanding it involves in a sense his opinion or judgment, as to the apparent health of a person or other characteristic manifest to the apprehension of a common observer. (*Robinson v. Exempt Fire Co.*, 103 Cal. 1, 36 Pac. 955, 24 L. R. A. 715, 42 Am. St. Rep. 93.) One who is in a situation to know may testify to the fact whether another is competent to perform manual labor before and after an injury. (*Lawson v. Conaway*, 37 W. Va. 159, 16 S. E. 564, 18 L. R. A. 627, 38 Am. St. Rep. 17.) In *Chicago City Ry. Co. v. Van Vleck*, 143 Ill. 480, 32 N. E. 262, an action to recover for personal injuries suffered in a collision, the court said:

"It was one of the contentions of appellant at the trial that the permanent injuries for which appellee sought to recover damages in this suit were not occasioned by the collision under investigation, but were caused by being dragged while holding fast to the handrail of a street-car in 1877, ten years prior to the collision of August 2, 1887. In that connection many of the relatives, neighbors and acquaintances of appellee testified in regard to her state of health, hearing, eyesight, ability to work and walk, and use her arms and legs naturally and without trouble, during the intervening ten years. Appellant objected to all testimony of this kind, and now insists that said witnesses were incompetent to testify in regard to such matters because they were not experts, physicians and surgeons. We think the objection is without merit, and untenable. We do not see why persons who were familiarly associated with appellee, and came in frequent contact with

her, were not capable of knowing whether she was in good or bad health, whether her hearing was good and acute or otherwise, whether her eyesight was defective or not, whether or not she was lame, and whether she had the free and natural use of her hands or not, even though such persons were not scientific experts in matters relating to the human anatomy. In our opinion they were competent to testify to what they knew from their own personal observation." (Page 485.)

The reasons for the admission of such evidence are stated in volume 1 of the sixteenth edition of Greenleaf on Evidence, section 441*b*, and may be thus summarized: Experts may testify either from their own knowledge of the person or matter, or from facts stated to them; other witnesses who have had the means of observation, and yet cannot adequately state all the data so as to put the jury completely in the witness's place, may give the result of their observations in matters of this character.

The defendant complains of the fact that such inquiries were extended over a considerable period of time. But it is claimed here that the disability continued, and the limits of time over which such evidence may range must depend on the circumstances of the case, as to the probability of intervening changes, and must ordinarily be left to the discretion of the trial judge. In this instance it does not appear that such discretion was unwisely exercised.

Numerous objections were made to testimony repeating the utterances and exclamations of the plaintiff indicating pain and suffering. On the former hearing the reversal was based on a ruling allowing a medical witness to give his opinion based partially upon the history of the case and partially upon his examination. Following the rule in *A. T. & S. F. Rld. Co. v. Frazier*, 27 Kan. 463, it was held that such evidence was inadmissible. In the opinion, however, it was said: "A physician may testify to the condition of the patient as he found him, whether suffering from pain, and to utter-

ances or exclamations of pain." (73 Kan. 118.) The narrative or history of the case given by the patient and opinions based thereon are excluded, but his exclamations and utterances indicating present pain and suffering, in connection with his appearance and conduct, are properly received. Where exclamations and utterances appear to be the natural and spontaneous expressions of present pain or suffering, they may be testified to by a professional witness or by a layman who heard them and observed the manner and appearance of the person. In such circumstances they are sometimes characterized as verbal acts. They are outward signs of an inward state, such expressions as usually and naturally accompany the feeling so revealed, and therefore competent for a jury to consider, with all the attendant circumstances. Where the bodily condition of a person is a relevant fact, exclamations of present pain or distress are competent circumstantial evidence of the existence of the particular bodily conditions. (16 Cyc. 1164.) The admissibility of such evidence is not limited to the time or about the time of the injury. Concerning this it has been held:

"Where, however, it becomes important to illustrate the physical or mental condition of an individual, either at the time an injury is received, or from thence to the time of an inquiry as to its severity, effect and nature, we think expressions or declarations of present existing pain or malady, whether made at the time the injury is received, or subsequent to it, are admissible in evidence. . . . Expressions of present existing pain, and of its locality, are exceptions to the general rule which excludes hearsay evidence. They are admitted upon the ground of necessity, as being the only means of determining whether pain or suffering is endured by another. Whether feigned or not is a question for the jury.

"Such declarations and expressions are competent, regardless of the person to whom they are made. They are especially competent and of more weight when made to a physician for the purpose of receiving treatment, or to a medical expert who makes an examination at the request of the opposite party, or by the direction

of a court, for the purpose of basing an opinion upon as to the physical situation of the person whose condition is the subject of inquiry." (*The Cleveland, Columbus, Cincinnati and Indianapolis R. R. Co. v. Newell,* 104 Ind. 264, 269, 3 N. E. 836, 54 Am. Rep. 313.)

The rule under consideration was expressed by Mr. Justice Valentine thus:

"That whenever evidence is introduced tending to show a real injury or a real cause of suffering or pain, as in this case, the declarations of the party concerning such suffering or pain while it exists and as simply making known an existing fact should be allowed to go to the jury for what they are worth, and the jury in such a case should be allowed to weigh them and to determine their value." (*A. T. & S. F. Rld. Co. v. Johns,* 36 Kan. 769, 782, 14 Pac. 237, 59 Am. Rep. 609.)

In applying this rule everything in the nature of a narrative of past experiences or suffering should be carefully excluded, and the evidence confined strictly to such complaints, expressions and exclamations as furnish evidence of present existing pain or malady. (*Insurance Company v. Mosley,* 75 U. S. 397, 19 L. Ed. 437; Wig. Ev. § 1718 and note.)

The plaintiff was asked as a witness what effect the injury had on the veins of his leg. This was objected to. If the question was improper, the ruling of the court was certainly correct. The ruling was: "He can describe the condition so far as he knows." And the answer was a simple description of conditions.

A witness was asked: "Do you know whether or not Mr. Reeves has been ailing, . . . or what his general condition of health has been?" This was an unprofessional witness and the objection might properly have been sustained, especially to the last part of the question. On cross-examination the witness testified: "All I knew about his suffering was what he told me." Thus the jury had, almost immediately after the answer was given, the confession of the witness as to his only means of knowledge, and could weigh the evidence accordingly. The defendant did not move to strike out

the former answer, as it might properly have done after the witness had disclosed his lack of personal knowledge. We do not say that it is necessary to move to strike out improper evidence given after a proper objection has been interposed, but where a witness appears to have sufficient knowledge of a fact inquired about, and is therefore permitted to answer, if it is afterward shown that he did not have such knowledge a motion should be made to strike out the answer, and thus call the attention of the court to the lack of information of the witness.

The superintendent of the gas-plant at Erie, who testified that he was familiar with the use of gas-meters such as that placed in the factory where it was alleged the injury occurred, was allowed to testify that a regulator was necessary upon the connecting line between the main and the meter. This was objected to on the ground that the question called for a conclusion. This was a matter not within the common knowledge of the jury, requiring peculiar knowledge and skill, and the witness appeared to be competent to give an opinion that would be helpful in arriving at the truth. No objection was made to the form of the question, and the opinion of the witness was in harmony with the allegations of the answer filed by the defendant, and so was not prejudicial. The answer alleged that "the plaintiff was expressly informed of the danger to persons, and the damage that might be occasioned to property, if the gas should be turned on before placing in such position such regulator." The issue was not made as to the necessity of the regulator, but upon the warning given against operating without it.

It is not necessary to consider in further detail the numerous objections to evidence. The observations already made, we think, fairly cover all that need be referred to.

Another question is presented. The petition alleged that the defendant was a corporation "duly organized

and licensed and is doing business under and by virtue of the laws of the state of Kansas." The answer contained a general denial, and was verified. On the trial the plaintiff offered in evidence a certificate of the secretary of state that the defendant company, a West Virginia corporation, was authorized to do business in this state. The defendant objected to this, but the court received it in evidence. This ruling, however, was immaterial. The record shows that the court took judicial notice of such incorporation from the fact that upon a motion to set aside the service of summons in the action the defendant had filed an affidavit and a copy of its charter, thus proving that it was duly incorporated. Having thus proved its own corporate existence in such a proceeding in the action, the defendant cannot now properly complain of the insufficiency of the proof of that fact.

The judgment is affirmed.