## Thomas Madden, Son & Company *v.* Wilcox, by Next Friend.

[No. 21,675. Filed May 24, 1910. Rehearing denied November 22, 1910.]

1. MASTER AND SERVANT.—*Minors.*—*Capacity to Comprehend Dangers.*—*Scope of Employment.*—*Complaint.*—*Specificness.*—A complaint alleging that the plaintiff was a minor, under sixteen years of age, that he was employed by defendant company to nail springs on couches, that he was negligently ordered outside the scope of his employment to operate a towpicker, that he was in-

capable of comprehending the dangers thereof, to defendant's knowledge, that defendant negligently failed to instruct him, that such towpicker was a machine containing sharp steel teeth, knives, or bits, fastened to a journal run by a cog-wheel, belt and pulley and driven by steam power over which plaintiff had no control, that while operating such machine plaintiff's hand was caught and injured, to his damage, states a cause of action, and is sufficiently specific. pp. 660, 663.

2. APPEAL. — Harmless Error.— Complaint.— Paragraphs.— Sufficiency.—Interrogatories.—Rulings on a paragraph of complaint are harmless, where the answers to the interrogatories to the jury show that the verdict was based upon another paragraph. p. 663.

3. MASTER AND SERVANT.—Scope of Employment.—Work Outside.— Requiring a youthful servant to leave his work of nailing springs on couches and to operate a dangerous towpicker constitutes a breach of duty.  p. 663.

4. MASTER AND SERVANT.—Scope of Employment.—Inexperience.— Warning.—Requiring a young and inexperienced boy to leave his employment and to operate a dangerous machine, without warning or instruction, constitutes a breach of duty.  p. 663.

5. MASTER AND SERVANT.—Incapacity.—Scope of Employment.— Requiring a boy to leave his simple employment and to operate a dangerous machine, when he is known by the master to be incapable of appreciating the dangers thereof, constitutes an aggravated breach of duty.  p. 664.

6. MASTER AND SERVANT.—Dangerous Machinery.—Towpickers.— Tack Hammers.—Judicial Notice.—Courts judicially know that a towpicker, equipped with a cylinder of knives or teeth revolving rapidly and operated by pulley, cogs and belt, is more dangerous for an inexperienced boy to operate than is a tack hammer. p. 664.

7. MASTER AND SERVANT.—Dangerous Machinery.—Complaint.—In an action for injuries caused by a dangerous machine, it is not necessary that the complaint allege in terms that the machine was dangerous, where the description shows it was dangerous. p. 664.

8. MASTER AND SERVANT.—Minors.—Factory Act.—Assumption of Risk.—Contributory Negligence.—Under §8022 Burns 1908, Acts 1899 p. 231, §2, providing that "no child under fourteen years of age shall be employed in any manufacturing or mercantile establishment," a child employed in violation thereof is not chargeable with either assumption of the risk, or of contributory negligence.  p. 664.

9. MASTER AND SERVANT.—Minors.—Assumption of Risk outside Scope of Employment.—A servant does not assume the unknown

risks where ordered outside the scope of his employment, and, if lacking in mental capacity, he does not assume the patent risks.  p. 665.

10.  MASTER AND SERVANT.—*Inexperience.—Scope of Employment.—Proximate Cause.*—The transferring of an inexperienced and incompetent boy, knowingly, from a simple, safe employment, to the task of operating a dangerous machine, whereon he was injured, constitutes the proximate cause of such injury.  p. 665.

11.  TRIAL.—*Interrogatories.—Master and Servant.—Work outside Scope of Employment.—Inexperienced Minor.*—Answers to interrogatories showing that the plaintiff was engaged to learn upholstering, that he was ordered to operate a towpicker and that his hand became entangled in the machine, and he thereby sustained injuries, do not overthrow a general verdict for plaintiff, where the complaint alleged that the plaintiff, under sixteen years of age, was incapable of appreciating the dangers of the machine and that he was knowingly ordered outside the scope of his duties to operate such machine.  p. 666.

12.  EVIDENCE. — *Hypothetical Questions. — Experiments. — Master and Servant.*—In an action for injuries sustained by a boy in operating a towpicker evidence of the result of the operator's striking the spout thereof with his hand, when the spout was filled with tow, is admissible as tending to show how plaintiff's hand was drawn into the machinery.  p. 666.

13.  EVIDENCE.—*Exclamations of Pain.—Master and Servant.*—Evidence that the plaintiff, a boy under sixteen years of age, "only a second or two" after his injury, came running into the room exclaiming, "My God, what will my poor mother do?" is admissible to show pain and suffering.  p. 667.

14.  TRIAL.—*Argument to Jury.—Misconduct.*—Where plaintiff's attorney, in his argument to the jury, referred to his own sister's death from an accident similar to plaintiff's, and upon objection thereto, he withdrew such remarks and the court instructed the jury not to consider them, no prejudicial error is shown.  p. 668.

15.  MASTER AND SERVANT.—*Instructions.—Issues.*—An instruction substantially following the allegations of a sufficient complaint is not objectionable though some of the facts alleged were not proved, where the facts that were proved entitled plaintiff to a recovery.  p. 668.

16.  MASTER AND SERVANT.—*Instructions.—Damages.—Confining to Evidence.*—An instruction as to the damages recoverable, which does not explicitly confine the jury to the evidence, is not erroneous.  p. 668.

17.  MASTER AND SERVANT.—*Instructions.—Damages.—Medical Expenses.—Want of Proof.*—An instruction that in computing damages the plaintiff is entitled to recover "the expenses incurred for

medicines and medical treatment, if such expenses were incurred," is not prejudicial, though there was no proof of such expenses.  p. 669.

18.  MASTER AND SERVANT.—*Minors.*—*Evidence.*—*Circumstantial.*—
Where a boy under sixteen years of age was injured in a tow-picker, evidence showing the circumstances, the mechanism of the machine, and the condition of the boy may be sufficient, in the absence of direct and positive evidence of the exact manner of the injury, to enable the jury to infer the defendant's negligence therein.  p. 669.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Ralph Wilcox, by his next friend, against Thomas Madden, Son and Company.   From a judgment on a verdict for plaintiff for $4,000, defendant appeals. Transferred from Appellate Court under subd. two, §1394 Burns 1908, Acts 1901 p. 565, §10.   *Affirmed.*

*Elmer E. Stevenson,* for appellant.
*Remy & Berryhill,* for appellee.

MONTGOMERY, J.—This is an action for a personal injury sustained by a servant on account of alleged negligence of the master.

The errors assigned and relied upon for a reversal of the judgment, are the overruling of appellant's motion to make each paragraph of the complaint more specific, its demurrer to each paragraph on the ground that the facts therein alleged were insufficient to constitute a cause of action, and its motions for judgment on the interrogatories and the answers of the jury thereto, notwithstanding the general verdict, and for a new trial.

The complaint is in two paragraphs, and a condensed statement of the allegations of the first paragraph is as follows: That appellant is a corporation owning and operating a factory in the city of Indianapolis; that on February 8, 1905, appellee was in its employ, and had been for six months, and under his employment had been and was engaged in nailing or wiring springs on

couches, lounges and davenports; that appellee was then a minor, under sixteen years of age, inexperienced in mechanical labor, and ignorant of the dangerous character of a towpicker, and by reason of his youth and inexperience was unable to comprehend and judge of the dangers attendant upon working about a towpicker; that on said date appellant, well knowing that appellee was young, inexperienced in the use of machinery, and without capacity and judgment to do the work to which he was about to be assigned, by and through William Proctor, its general foreman of the upholstering department, whose orders appellee was bound to obey, negligently ordered and directed appellee to leave his usual and ordinary service of wiring springs, and to operate and work at a machine commonly called a towpicker, and negligently failed to give him any warning of the attendant dangers, or sufficient instruction as to how to operate said machine; that said towpicker was a machine through which tow was run preparatory for use in upholstering furniture, and contained sharp, steel teeth, knives or bits, fastened to a journal, with belt-pulley, cogwheel and other attachments, which were made to revolve with great force and rapidity by steam-power, over which appellee had no control; that while appellee was working at and about said machine as ordered and directed, and engaged in removing tow from the rear thereof, and in the exercise of due care, his right hand was, by the moving tow and the force of the machinery, suddenly drawn into said machine and against the revolving teeth, knives and bits, and the fingers and thumb of his right hand ·cut and torn off, all on account of appellant's negligence, as aforesaid, in ordering appellee to leave his usual and ordinary employment and to work with said machine, without warning or instruction, well knowing his youth, inexperience lack of capacity and judgment.

The second paragraph of complaint is substantially the

same as the first, except that there is no averment that appellee was working outside the scope of his employment at the time of receiving his injury.

The grounds of appellant's motion to make each paragraph of the complaint more definite and certain were as follows: "(1) That plaintiff state fully and definitely in what manner the alleged failure of defendant to warn and instruct him caused his injury, and what the danger was as to which he should have been instructed. (2) That he state fully and definitely what he was doing when his hand was drawn into the machine. (3) That he state fully and definitely what caused the tow to be drawn into the machine, if it was so drawn in. (4) That he state fully and definitely how the force of the machine caused his hand to be drawn in. (5) That he state fully and definitely how far his hand was drawn in from the opening in the rear of the machine. (6) That he state fully and definitely how the accident happened or was caused." This motion in the main calls for mere evidentiary details, which are not required to be stated in a pleading, but if desired may be obtained by other proceedings than a motion to make the complaint more specific. The facts are stated with sufficient clearness and fulness to enable a person of ordinary understanding to comprehend the ground of complaint made, and the manner in which the accident occurred. It cannot be plausibly urged that appellee should have described more minutely the dangers incident to the operation of appellant's machine, of which he alleges he was ignorant, and which he was unable to understand and appreciate, but which hazards and dangers were necessarily within appellant's knowledge. *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395; *Louisville, etc., R. Co.* v. *Crunk* (1889), 119 Ind. 542, 12 Am. St. 443; *Indiana Bicycle Co.* v. *Willis* (1897), 18 Ind. App. 525; *Cox* v. *Providence Gas Co.* (1891), 17 R. I. 199, 21 Atl. 344; *Schaake* v. *Eagle, etc., Can Co.* (1902), 135 Cal. 472, 485, 63 Pac. 1025, 67

Pac. 759; *Schneider* v. *Wisconsin Cent. Co.* (1892), 81 Wis. 356, 51 N. W. 582; *Louisville, etc., R. Co.* v. *Jones* (1887), 83 Ala. 376, 3 South. 902; *Goshen, etc., Turnpike Co.* v. *Sears* (1828), 7 Conn. 86.

The court did not err in overruling appellant's motion to make each paragraph of the complaint more definite and certain.

It is next urged that each paragraph of the complaint is insufficient, and appellant's demurrer thereto should have been sustained. It appears from the answers to interrogatories that the verdict is founded upon the first paragraph of complaint, and hence it will not be necessary to determine the sufficiency of the allegations of the second paragraph.

The gist of the complaint is that appellee was employed in appellant's factory to nail springs on couches, lounges and davenports, and was engaged in that work; that he was under sixteen years of age, inexperienced in the use of machinery, and incapable of comprehending the dangers attending the operation of the machine mentioned, which facts were well known to appellant, and that with such knowledge appellant negligently ordered him to leave his customary work, and to operate and work about a machine containing revolving knives and teeth propelled by steam-power by means of belt-pulley, cogwheels and gearing, and negligently failed to give him any warning of danger, or any instruction in regard to the use of the machine.

These allegations certainly constitute a cause of action. The service in which appellee was engaged under his usual employment was simple and comparatively free from danger of serious personal injury. It is averred that he was taken from this service and assigned to other duties outside the scope of his employment. This was a breach of appellant's duty. It is also charged that he was young and inexperienced, and was as-

signed new and strange duties without warning or instruction with respect to the performance thereof, and this was a breach of duty. It is further alleged that he was not only young and inexperienced, but that his youth and inexperience were such that he was incapable of appreciating the danger to himself from the use of the machine described, and that appellant then and there knew these facts. If this allegation is true, and it must be so regarded in this connection, then appellant's conduct in requiring him to operate the machine was little short of criminal.

The insistence of appellant's counsel is that there is no showing in the complaint that the towpicker was a dangerous machine, or that in its operation appellee was exposed to any danger against which he should have been warned. The court judicially knows that a machine, consisting of a cylinder equipped with steel knives or teeth, revolving rapidly, is a more dangerous instrument for an inexperienced boy to operate than is a tack-hammer. It appears that this machine was equipped with belt-pulley, cogwheels and gearing, and the statutes of this State, in classifying manufacturing establishments as hazardous places for the employment of children, have specifically named "cogs, gearing and belting" as dangerous machinery. It was not required that appellee allege, in terms, that a towpicker of the description given, in use in a factory, was a dangerous machine to a youthful and inexperienced operative. It is manifest that by the transfer to the towpicker appellee was required to encounter greater risks and perils than those surrounding him in his usual employment. A child under fourteen years of age is, in effect, declared by law to be incapable of incurring the risks incident to the operations of a manufacturing establishment, and if employed therein in violation of the statute, and injured in consequence, he is not chargeable either with assumption of risks or contrib-

utory negligence. *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423.

Appellee could not be held to an assumption of unknown risks while at work in pursuance of orders, outside the scope of his employment, and if he was lacking in mental capacity, as alleged, he could not be held accountable for not avoiding patent conditions which to mature minds might appear obviously dangerous. In disposing of the question of proximate cause in the case of *Inland Steel Co.* v. *Yedinak, supra,* this court said: "The State has said in positive terms that employers must not take children under fourteen years of age into the service of their factories and subject them to the danger of being mangled or killed by machines propelled by the powerful agencies of steam or electricity. This mandate, it is alleged, appellant disobeyed, and appellee was injured in the mill and by the agencies against which the law sought to protect him. The connection between the unlawful employment and the injury in this case is as direct as cause and effect, and brings appellant within the operation of the statute." So in this case, the transferring of an inexperienced and incompetent boy from an employment free from peril to life and limb, and requiring him, without warning or instruction, to operate a powerful machine, inherently dangerous, knowing his inexperience and want of understanding, was negligence, and constituted the proximate cause of his injury. The demurrer to the complaint was rightly overruled. *Brazil Block Coal Co.* v. *Gaffney* (1889), 119 Ind. 455, 4 L. R. A. 850, 12 Am. St. 422; *Brazil Block Coal Co.* v. *Young* (1889), 117 Ind. 520; *Binford* v. *Johnston* (1882), 82 Ind. 426, 42 Am. Rep. 508; *Hill* v. *Gust* (1876), 55 Ind. 45; *Noblesville, etc., Mach. Co.* v. *Yeaman* (1892), 3 Ind. App. 521; *Hickey* v. *Taaffe* (1887), 105 N. Y. 26, *Coombs* v. *New Bedford Cordage Co.* (1869), 102 Mass. 572, 3 Am. Rep. 506; *Sullivan* v. *India Mfg. Co.* (1873), 113 Mass. 396,

In answer to interrogatories, among other facts, the jury found that appellee, on his own application, was employed by appellant only to learn upholstering, and he worked several months in the upholstering room; that the towpicker was in a passageway near the upholstering room, but picking tow was no part of the trade of upholstering; that appellee was employed to do work as directed in the line of upholstering, and it was the duty of the operator of the towpicker to take tow from the rear end of the machine; that at the time of the accident the spout of the towpicker was full of broken straw, and appellee's hand became entangled in the tow in front of the spout and was drawn into the cylinder, and that the injury occurred because appellee had not been properly instructed in regard to operating the machine. These findings are clearly in harmony with the allegations of the complaint and consistent with the general verdict. Other findings were more favorable to appellant, but they were not contradictory of these which form the basis of recovery. It follows that the court did not err in overruling appellant's motion for judgment in its favor upon the interrogatories and answers thereto, notwithstanding the general verdict.

A new trial is asked on the grounds that the court erred in admitting, and refusing to strike out, certain evidence, in refusing to set aside the submission and to discharge the jury for misconduct of counsel in argument, in the giving of instructions, and, also, because the verdict is not sustained by sufficient evidence and is contrary to law.

Appellee asked a competent witness what would happen if, when the room was filled with tow and the spout was filled with tow back of the cylinder, the operator should strike his hand near the outer margin of the spout. Objection was made at the time, on the principal ground that the question called for matter not within the issues. This objection is not tenable. The complaint alleged that appellee's hand was drawn into the cyl-

inder by the tow and the force of the revolving machinery, and this question was evidently intended to elicit informa- tion explanatory of the manner in which the accident hap- pened and supportive of appellee's theory of the occur- rence.

Counsel for appellee, desiring to exhibit evidence of men- tal suffering on his part, and referring to the time of the accident, asked the witness Charles Lund this ques- 13. tion: "What did he say—what expression did he make?" Appellant objected on the ground that it was leading, called for an opinion, did not tend to sup- port any issue, and was self serving. The objection was overruled, and the answer was that appellee said: "My God! what will my poor mother do?" Appellant moved to strike out the answer, for the reason that it was not a proper way to show mental suffering; and this motion was overruled. The question was clearly competent; and, the propriety of the answer is not challenged as not re- sponsive, or as not in substance indicative of that mental pain and anguish which necessarily accompany a physical injury, and for which compensation may be had at law. Appellant's insistence was and is that exclamations of pain are in the nature of self-serving declarations, and should not be received as evidence. The witness testified that ap- pellee came running out of the tow room, "only a second or two" after the injury, and made the exclamation just given. The rule is general and well settled that where the bodily or mental feelings of a person are to be proved, the natural exclamations and expressions of such person, which are the spontaneous manifestations of pain, and naturally flow from the pain being suffered by him at the time, are competent and original evidence. *Indianapolis St. R. Co. v. Schmidt* (1904), 163 Ind. 360; *Board, etc., v. Leggett* (1888), 115 Ind. 544; *Cleveland, etc., R. Co. v. Newell* (1885), 104 Ind. 264, 54 Am. Rep. 312; *Carthage Turnpike Co. v. Andrews* (1885), 102 Ind. 138, 52 Am. Rep. 653;

*Puett* v. *Beard* (1882), 86 Ind. 104; *Town of Elkhart* v. *Ritter* (1879), 66 Ind. 136. See, also, note to *Federal Betterment Co.* v. *Reeves* (1908), 77 Kan. 111, 93 Pac. 627, 15 Am. and Eng. Ann. Cas. 796, 799.

In the closing argument to the jury, appellee's counsel referred to his own deceased sister, whose death had resulted from an injury to the hand caused by a cutting-box. Appellant's counsel objected to this matter, and requested that it be withdrawn and the jury admonished to disregard it. Thereupon appellee's counsel withdrew the remarks to which objection had been made, and the court formally withdrew them from the consideration of the jury and admonished it as requested. Appellant's counsel then moved to set aside the submission and discharge the jury for alleged misconduct of counsel based on this incident. This motion was denied, and appellant insists that this ruling was error. Conceding that counsel transgressed the bounds of legitimate discussion, the action taken by the court was sufficient to correct any improper influence that might otherwise have resulted, and no sufficient ground remained to justify the granting of another trial.

Complaint is made of the giving of instruction eleven at the request of appellee. It is argued that this instruction was outside the issues. The instruction substantially followed the allegations of the complaint and the facts sought to be established by appellee's evidence, and was within the issues. In our view of the law a recovery could be justified without a finding of all the facts embodied in this instruction, and appellant has no just ground of complaint because it was given.

Objection is urged to instruction twelve, given at appellee's request and relating to the measure of damages, for the reason that reference is not expressly made therein to the evidence. This court has repeatedly held such an objection without force, and that "no juror of average intelligence could fail to understand that

the court directed him to be guided by the evidence."
*Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 429;
*City of Indianapolis* v. *Scott* (1880), 72 Ind. 196; and see
*Pittsburgh, etc., R. Co.* v. *Sponier* (1882), 85 Ind. 165;
*Poland* v. *Miller* (1884), 95 Ind. 387, 391, 48 Am. Rep. 730;
*Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61, 70; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467.

This instruction further advised the jury that in computing damages it is proper to consider, "the expense incurred for medicines and medical treatment, if such expenses were incurred." This part of the instructions is condemned for the reason that there was no evidence that any expenses for medicines and medical services were incurred, and in support of this contention the case of *American Car, etc., Co.* v. *Clark* (1904), 32 Ind. App. 644, is cited. That case was impliedly overruled in the case of *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324. This instruction was not mandatory in its requirements, but the recovery as to the medical items was conditioned upon incurring such expenses. It is plain, therefore, that if appellee wholly failed to introduce any evidence upon this subject, the instruction was harmless in this respect. *Ohio, etc., R. Co.* v. *Stein, supra; Lytton* v. *Baird* (1884), 95 Ind. 349, 357.

It can serve no useful purpose to set out a summary of the evidence, and it will suffice to say that the verdict is fully sustained thereby in every material respect.

18. Appellee was unable to explain at the time just how his hand got into the machine, but the conditions existing were fully shown in evidence, and the fact was established that when tow was banked up back of the machine, slight agitation would cause it to be drawn in and again pass around the cylinder, and it was shown that prior to this time a man's hand had been drawn into the machine and cut, as appellee charged his hand was cut in this instance. The jury was warranted in finding that the acci-

dent occurred as charged in the complaint, and was due to appellant's negligence as alleged. The motion for a new trial was correctly overruled.

The judgment is affirmed.