## CHICAGO. SOUTH BEND AND NORTHERN INDIANA RAILWAY COMPANY v. ROTH. .

[No. 8,459. Filed February 10, 1915. Rehearing denied
May 28, 1915.]

1. PLEADING.—*General Allegations.*—*Averment of Specific Facts.*—
Specific facts do not control the general averments of a pleading
unless they are contradictory to or inconsistent with such gen-
eral allegations. p. 164.

2. RAILROADS.—*Crossing Accidents.*—*Specific Acts of Negligence.*—
*Complaint.*—*Sufficiency.*—In a complaint for injuries caused by
being struck at a street crossing by a hand car operated over
defendant's street car track, the general allegation that defend-
ant negligently and carelessly ran and operated said hand car,
was not controlled or eliminated by further allegations that de-
fendant negligently and carelessly failed to equip said hand
car with an efficient brake, negligently failed to signal its ap-
proach to the crossing, and negligently failed to equip it with
any device for signalling its approach to the crossing, but the
latter were simply additional charges which in no way contra-
dicted or nullified the general charge of negligent operation.
p. 164.

3. RAILROADS.—*Crossing Accidents.*—*Contributory Negligence.*—
*Answers to Interrogatories.*—In an action for injuries sus-
tained at a street crossing by the rider of a bicycle, who was
struck by a hand car operated on defendant's street car track,
where the complaint, in addition to averments of specific acts
of negligence, averred generally that defendant was negligent
in the operation of the hand car, answers by the jury to inter-
rogatories showing that plaintiff, approaching from the west,
looked both north and south and saw no car approaching; that
he rode between two vehicles which obstructed his view just be-
fore he reached the tracks; that the car approached from the
south on the west track instead of the east track, which was
the track customarily used for north bound cars; that after
passing the vehicles plaintiff saw the car for the first time, and
he was then on the west track; that the car approached at a
dangerous rate of speed and no effort was made to slacken its
speed, and that plaintiff used ordinary care, etc.; do not show
that plaintiff was guilty of contributory negligence, and they
sustain rather than contradict the general verdict for plaintiff.
p. 164.

4. RAILROADS.—*Street Railroads.*—*Care in Approaching Crossing.*—
The rules applicable to a person crossing over the track of a

steam railway do not apply in all their strictness to persons crossing the tracks of a street railway in a city. p. 165.

5. APPEAL.—*Review.—Evidence.—Measure of Damages.—Instructions.*—In an action for damages sustained in being struck by a car at a street crossing, where the evidence showed that plaintiff was injured and taken to a hospital and had expended the sum of forty dollars for hospital expenses, the evidence was within the issues and warranted the giving of an instruction advising the jury that it could "take into consideration expenses, if any, actually incurred as a result of his injuries"; and even were the instruction erroneous its giving was harmless in view of other instructions telling the jury that its finding must be based on the evidence, and in view of the fact that there is no room for presuming that the jury allowed anything on that feature of the damages other than the amount proven. p. 166.

6. DAMAGES.—*Personal Injuries.—Excessive Damages.*—Where the evidence in a personal injury case showed that plaintiff, who was sixty-eight years of age, was a man of business capacity, strong and active prior to the injury, and that the injury had affected his nervous system and was permanent in character, an allowance of damages in the sum of $5,000 was not so great as to warrant the setting aside of the verdict on the ground of excessive damages. p. 168.

7. APPEAL.—*Review.—Record.*—The court on appeal does not search the record for causes on which to base a reversal. p. 168.

8. APPEAL.—*Petition for Rehearing.—Briefs.*—On a petition for rehearing appellant may not present points not presented in its original brief, and is not entitled to have its statement of the evidence modified or enlarged to present a point not made in its original brief or mentioned in its reply brief. p. 168.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by John Roth against the Chicago, South Bend and Northern Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harry R. Wair* and *Henry A. Steis,* for appellant.

*Charles P. Drummond* and *Donald P. Drummond,* for appellee.

FELT, J.—This is an appeal from a judgment in favor of appellee for damages for personal injuries. With its general verdict the jury returned answers to interrogatories. Errors assigned and relied on for reversal are: (1) The

complaint does not state facts sufficient to constitute a cause of action. (2) Overruling appellant's motion for judgment on the answers to the interrogatories. (3) Overruling the motion for a new trial. (4) Overruling appellant's motion in arrest of judgment.

Omitting averments about which there is no controversy, the complaint, in substance, charges that appellant is, and was on June 4, 1910, a street railway corporation, and owned and operated a road over and upon Michigan Street in the city of South Bend, Indiana, which extended across Jefferson Boulevard in the business section of the city; that on said day appellee was riding eastwardly along Jefferson Boulevard on a bicycle and at the intersection of said streets, when crossing Michigan Street, was struck by a hand car of appellant operated over and upon said street by appellant's servants; that appellant "at said time and place negligently and carelessly ran and operated said hand car" and "further negligently and carelessly failed to equip said hand car with an efficient brake by which said car could be quickly stopped", and further "negligently and carelessly failed to give any signal or warning of its approach to said crossing" and further "negligently failed to equip its said hand car with any device or means by which a signal or warning of its approach to said crossing could be given. * * * That by reason of each of said acts of negligence * * * said hand car was * * * run by the defendant upon and against the plaintiff and he was thereby thrown to the ground and dragged. * * * and permanently injured, and he was rendered incapable of following his usual occupation and has lost valuable time and expended money for medical services all to his injury and damages in the sum of $10,000."

The gist of the objections urged against the complaint is that the specific acts of negligence control and eliminate the general allegation of negligent operation; that the averments do not show that the injury complained of was due

to any act of negligence charged in the complaint.

1. Specific facts do not control general averments unless they contradict, or are inconsistent with, the general averments. *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 105 N. E. 788; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 405, 97 N. E. 822. The general averment of negligent operation is not controlled or

2. eliminated by the specific charges of failure to properly equip the car, nor does the charge of failure to give warning of the approach of the hand car to the crossing, limit the proof that may be properly offered under the general charge of negligent operation, to proof of failure to give warning of the approach of the car, for such specific allegation is neither contradictory of, nor inconsistent with, the general allegation of negligent operation. *Evansville, etc., R. Co.* v. *Hoffman, supra,* and cases cited. The allegations following the general charge of negligent operation are simply additional charges of negligence which in no way contradict or nullify the general charge of negligent operation. The complaint was sufficient to withstand a demurrer for insufficiency of facts and is clearly good as against the attack after verdict made in this court for the first time. *Evansville, etc., R. Co.* v. *Krapf* (1896), 143 Ind. 647, 655, 36 N. E. 901; *Dieckman* v. *Louisville, etc., Traction Co.* (1910), 46 Ind. App. 11, 19, 89 N. E. 909, 91 N. E. 179; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 495, 496, 77 N. E. 945.

Appellant contends that the answers to the interrogatories show conclusively that appellee was guilty of contributory negligence. They show among other things that there

3. was a double track on Michigan Street and that it was an established custom of appellant to run its south bound cars on the west track and its north bound cars on the east track and that appellee knew such was the custom; that appellee approached Michigan Street from the west going east; that he looked both north and south for an

approaching car before he attempted to cross, and saw none; that he rode between two vehicles which were passing along the side of the track and obstructed his view of the track just before he reached the car tracks; that the hand car approached from the south on the west track and his bicycle was from four to five feet from the west rail when he could see south on Michigan Street and obtain a view of the approaching hand car; that the hand car moved north about twenty-three feet after the men on the car saw appellee; that appellee after he passed the vehicle looked south and saw the hand car for the first time; that the front wheel of his bicycle was on the west car rail when he first heard the approaching car; that the hand car struck appellee and knocked and dragged him about sixteen feet; that appellant's employes on said car made no effort to slacken the speed of the car before it reached the crossing where appellee was struck; that appellant and its servants knew that many people continually crossed over said crossing and that it was so used on said day; that said car approached the crossing at a rate of speed which was dangerous to persons using the same; that appellee in approaching the crossing used that degree of care that a person of ordinary prudence and caution would use under similar circumstances. The answers are not in irreconcilable conflict with the general verdict, but many of them strongly support it. The motion for judgment thereon was properly overruled.

In presenting alleged error arising on the overruling of the motion for a new trial, appellant suggests numerous questions relating to the giving and refusal of instruc-

4. tions. The construction we have placed on the complaint answers most of the objections urged and shows them to be untenable. Other alleged errors are due to a failure to observe the fact that the rules applicable to a person crossing over the track of a steam railway do not apply in all their strictness to persons crossing the tracks of street cars propelled by electricity in a city. *Duetz* v. *Louisville,*

*etc., Traction Co.* (1911), 46 Ind. App. 692, 694, 91 N. E. 922; *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 668, 95 N. E. 275; *Indianapolis St. R. Co.* v. *Marschke, supra.*

The question most strongly urged for the reversal of the judgment arises from the giving of instruction No. 8, requested by appellee, on the measure of damages.

5.   The objection urged is that it authorizes the jury to "take into consideration expenses, if any, actually incurred as a result of his injuries". That there is evidence tending to prove that he incurred medical expenses, but no evidence to show the values of the services rendered. The cases dealing with this question bear strong evidence of a want of uniformity in the decisions. Whether a careful analysis of the issues and evidence in each case and the varying phraseology of the several instructions considered would result in clearing up the apparent inconsistency in the holdings, we need not, and do not decide, for in our view of the case under consideration, the differences, if any, in the decided cases, are not material to the question here presented. *Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 668, 669, 91 N. E. 933, and cases cited; *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61, 69, 39 N. E. 246; *Lytton* v. *Baird* (1884), 95 Ind. 349, 357; *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324, 330, 79 N. E. 539; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 377, 91 N. E. 238, and cases cited; *Cincinnati, etc., R. Co.* v. *Armuth* (1913), 180 Ind. 673, 103 N. E. 738, and cases cited.

An examination of the cases where similar instructions relating to damages were held erroneous and harmful shows that in some instances the decisions are based on the proposition that the jury was permitted or directed to go outside the issues and beyond the evidence, while in others the vice is found in permitting the jury to consider loss of time or medical expenses and the like, where there was evidence to show loss of time or expenses but no evidence to show the amount of the expenses or the value of the time lost. Some

instructions which did not expressly limit the jury to the evidence, have been held harmless, as in *Thomas Madden, Son & Co.* v. *Wilcox, supra,* but in some of the cases, including the recent case of *Cincinnati, etc., R. Co.* v. *Armuth,* the instructions were held harmful on the theory that there was evidence tending to show that expenses were incurred, but total absence of evidence to show the amount thereof or value of the services rendered. In the case at bar it is not contended that the issues would not warrant proof of medical expenses, though it is asserted that the proof made was outside the issues. The evidence shows that appellee was taken to the hospital immediately after the injury and remained there for more than two weeks; that when he left he went immediately to Michigan and was not treated by his physician for injuries received after he left the hospital; that he paid the hospital forty dollars for treatment and care while there. This was legitimate proof of pay for treatment and was within the issues.

Giving the rule contended for by appellant its full effect we do not think the instruction was erroneous or harmful as applied to the facts of the case, for there was proof of payment for care and treatment during the only time the evidence shows he was under treatment for the injuries received. The jury was not left to speculate or guess at the amount and there is no room to indulge the presumption that in making up its verdict it allowed anything for treatment other than the amount definitely proven. Furthermore, at the request of appellant, the jury was further instructed on the measure of damages, and in instruction No. 17 was told, ''If you find for the plaintiff, then you will determine from the evidence, the amount the plaintiff is entitled to recover.'' In other instructions the jury was frequently told that its finding must be based on the evidence. It is clear that there is no room for the contention that the jurors were led to believe that they could go outside the evidence in assessing appellee's damages.

The jury awarded appellee $5,000 damages which may be a very liberal allowance, but the amount is not so great as to warrant the court in holding that the jury acted from prejudice, passion, partiality or corruption. *Cleveland, etc., R. Co.* v. *Jones* (1912), 51 Ind. App. 245, 251, 99 N. E. 503; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 215, 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527. No particular reason is stated by appellant why the judgment is excessive but in argument it is said appellee was 68 years of age with an expectancy of over 10 years. There was evidence tending to show that he was a man of business capacity, strong and active prior to the collision and that his injuries had affected his nervous system and were permanent in character. There was evidence tending to support the verdict.

We have gone through the briefs and considered the numerous questions suggested but we do not feel justified in giving further detailed consideration to them. We find no reversible error. Judgment affirmed.

## ON PETITION FOR REHEARING.

FELT, J.—Appellant now contends that the statement in the original opinion that there was no evidence of treatment of appellee by his physicians after he left the hospital, is unwarranted. It sets out in its brief on petition for rehearing certain items of evidence it alleges are in the record, to support its position. The statement in the opinion was made after a careful examination of the digest of the evidence given in appellant's original brief and a reëxamination of that brief shows that the statement made was fully warranted. This court does not search the record to reverse a judgment of the lower court.

Appellant may not on petition for rehearing raise new points not presented in its original brief, nor is it entitled to have its statement of the evidence modified or enlarged to present a point not made in its original

brief nor mentioned in reply brief. There must of necessity be a limitation to the presentation of new matter if appeals are to be finally determined in any reasonable time. *City of Evansville* v. *Senhenn* (1898), 151 Ind. 42, 63, 47 N. E. 634, 51 N. E. 88, 68 Am. St. 218, 41 L. R. A. 728; *Chicago, etc., R. Co.* v. *Coon* (1911), 48 Ind. App. 675, 690, 93 N. E. 561, 95 N. E. 596; *Armstrong* v. *Hufty* (1901), 156 Ind. 606, 630, 55 N. E. 443, 60 N. E. 1080. Rule 22, clause 5, and Rule 23 of Supreme and Appellate Courts.

Petition for rehearing overruled.

NOTE.—Reported in 107 N. E. 689; 108 N. E. 971. As to what is an excessive verdict in an action for personal injuries not resulting in death, see 16 Ann. Cas. 8; Ann. Cas. 1913 A 1361. As to the duty of a pedestrian to stop, look, and listen before crossing street railway tracks, see 3 Ann. Cas. 334. As to the difference in the degree of care required of a person crossing electric or street railway tracks in a city and in country districts, see 10 Ann. Cas. 336. See, also, under (1) 31 Cyc. 85; (2) 36 Cyc. 1571; 31 Cyc. 85; (3) 36 Cyc. 1646; (4) 36 Cyc. 1533; (5) 36 Cyc. 1638; 38 Cyc. 1782, 1814; (6) 13 Cyc. 130; (7) 3 C. J. 1409; 2 Cyc. 1014; (8) 3 Cyc. 214.