THE CHICAGO, IOWA & KANSAS RAILROAD COMPANY v. WILLIAM S. TOWNSDIN — No. 4033. — THE CHICAGO, IOWA & KANSAS RAILROAD COMPANY v. WILLIAM S. TOWNSDIN — No. 4078. — THE CHICAGO, IOWA & KANSAS RAILROAD COMPANY v. WILLIAM S. TOWNSDIN — No. 4252.

1. NEW TRIAL — *Verdict and Special Findings, Inconsistent.* When the special findings of a jury are in conflict with the general verdict, and are inconsistent with each other, and are so uncertain and incomplete that this court cannot render judgment on them, it is not error in the court below to grant a new trial for these reasons.

2. JURY — *Special Questions — Refusal, Error.* On an appeal from the award of commissioners on an assessment of damages to land appropriated for the right-of-way of a railroad company, it is error for the trial court, when requested, to refuse to submit special interrogatories to the jury, as to the value of the land immediately before and immediately after the location of the right-of-way. The case of *W. & W. Rld. Co. v. Fechheimer,* 36 Kas. 45, cited, and approved.

*Error from Cloud District Court.*

THREE actions by *Townsdin* against *The Railroad Company.* The material facts are stated in the opinion.

*J. W. Deweese, Sturges & Kennett,* and *W. W. Guthrie,* for plaintiff in error.

*L. J. Crans,* for defendant in error.

Opinion by SIMPSON, C.: This was an appeal to the district court of Cloud county from an award by commissioners appointed by the judge of the twelfth judicial district of the state, on application of the plaintiff in error, to lay off a route for such railroad in Cloud county, and to appraise the value of and assess the damage to land appropriated to its right-of-way, etc. The case was tried by a jury, at the August term of said court, 1885. Before the trial the railroad company offered in open court to confess to a judgment for $300, and accrued costs, which offer was in writing, but the appellant Townsdin refused to accept it.

The material facts are: The defendant in error was the owner of a quarter-section of land near the city of Concordia; a completed railroad line ran through the land, and cut off a portion on the north side, estimated to contain twelve acres; it was across this twelve acres that the plaintiff sought to appropriate its right-of-way. The amount of land occupied by the track of the defendant railroad company across the twelve acres amounted to three and three-fourths acres. The jury, in answer to special interrogatories, found that the value of the perpetual use of the land taken for the right-of-way was $187.50; that the market value of the land (twelve acres) lying north of the other railroad immediately before the location of the right-of-way of the plaintiffs in error was $40 per acre, and immediately after the location, irrespective of benefits, was $30 per acre; that the land lying south of the other railroad was not damaged by the location of the right-of-way of plaintiffs in error. The jury returned a general verdict for defendant in error for $292.67½. On the rendition of this verdict the railroad company filed a motion for judgment on the verdict against itself for the amount found by the jury, and costs, to the time of its filing a written offer to confess judgment. Townsdin, by his attorney, filed a motion for a new trial, for error in the assessment of the amount of recovery, and for errors of law occurring at the trial and excepted to at the time. The court overruled the motion of the railroad company for judgment on the verdict, and sustained that of Townsdin, for a new trial. The railroad company brings the case here, and urges as reasons for reversal, that the court erred in sustaining the motion for a new trial filed by the defendant in error. It is shown affirmatively in the record at one place, that the motion for a new trial was sustained because the special findings were contrary to the general verdict; and in another place it is recited, "that the court having heard the motion of the appellant, on consideration does allow the same." It thus affirmatively appears that the court passed upon both of the grounds for a new trial, embodied in the motion of Townsdin. In this state of

the record, we shall not undertake to say that the ruling of the court below was based solely on one of the reasons given. The natural inference from the record is, that both were sustained; but be that as it may, we do not feel authorized to reverse the ruling. The special findings were inconsistent with the general verdict, and we have not been able to reconcile them, either mathematically or otherwise. This inconsistency could be taken advantage of by either party. If the ruling of the court was induced by this reason, we cannot say it was wrong; but if it was based upon the other ground, we cannot reverse it, for the reason that the evidence and rulings complained of are not in the record; and we are bound to presume that the ruling of the court was right. If this ruling was to be complained of here, all the evidence and the other proceedings of the trial should have been preserved in the record. When the jury returned their special findings into court, either party could have called the attention of the court to their inconsistency, and objected to their reception; but this not having been done, and they having been received without objection, then the only question left was the one presented in the motion for a new trial.

The special findings in the case as compared to the general verdict, come within the decision of this court. in *Harvester Works Co. v. Cummings,* 26 Kas. 367. There the court says: "We are unable to enter judgment upon the special findings, because they are conflicting, inconsistent, uncertain, and not complete." The case was reversed. Here there is an irreconcilable difference in the value of the land taken and its value before taken. The railroad company ought not to be adjudged to pay a greater sum than the value of the land. It is true the company is not complaining of this, but it is equally true that the trial court cannot be compelled to render a judgment on special findings that are not only contrary to the general verdict, but grossly inconsistent with each other.

We think the court below was right in granting the new trial, so far as the record we have before us declares the reason

of the ruling; and the result is, that we recommend the affirmance of the judgment.

By the Court: It is so ordered.

*No. 4078.*—When the motion for a new trial was sustained, as set forth in the opinion in No. 4033, the railroad company was granted forty days from the 21st day of August, 1885, to prepare and serve a case for the supreme court; twenty days were allowed Townsdin to make and suggest amendments; and the same was to be presented for settlement and signature at Concordia, on the first day of the October term, 1885. It was presented at that time, but the court, being engaged in other business, postponed the settlement from time to time, until February 26, 1886, when it was certified, and filed with the clerk of the district court on the 27th of February, 1886. On the 1st day of March following, this case was called for trial in the district court; the railroad company made an application for a continuance, which was refused, and the case was tried by a jury. After the evidence on the part of Townsdin was closed, the railroad company requested the court to send the jury out to view the premises, and this the court refused to do. The plaintiff in error then requested the court to submit the following special questions to the jury, to wit:

"1. What was the market value of the perpetual use of the land taken by the appellee for its right-of-way over the land in question?

"2. Before the location of appellee's right-of-way, was the land in question divided by any other railroad?

"3. If No. 2 is answered yes, how much of the land in question was on the north side of such other railroad?

"4. What was the market value of the land lying north of such other railroad at and immediately before the time of the location of appellee's right-of-way?

"5. Is appellee's right-of-way located north of and adjoining said other railroad's right-of-way across the land in question?

"6. If the last question is answered yes, then how much of the quarter-section of land in question lies north of appellee's right-of-way?

" 7. What was the market value thereof immediately after the location of appellee's right-of-way, irrespective of any benefits from the construction and operation of the railroad of appellee ? "

The court refused to submit to the jury the special questions numbered four and seven, to which refusal and ruling the appellee excepted.

We think this was such a substantial error as compels us to reverse the case. "It is the right of the parties to have important questions of fact that are based on competent testimony, and which are within the issues of the case, submitted to the jury, and answered upon request, and the refusal of this right is material error." ( *W. & W. Rld. Co. v. Fechheimer,* 36 Kas. 46.) As this reverses the case, and sends it back for a new trial, we shall not discuss the other questions called to our attention in the brief of counsel for the plaintiff in error.

It is recommended that the case be reversed, with instructions to the court below to sustain the motion for a new trial.

By the Court: It is so ordered.

In case *No. 4252:* This is an action by Townsdin against the railroad company, based upon the judgment rendered in case No. 4078; as that case is now reversed and sent back for a new trial upon its merits, there is no cause of action. It is therefore recommended that it be remanded to the district court, with instructions to dismiss the case.

By the Court: It is so ordered.

All the Justices concurring.