MARY E. SMITH *et al.* v. CHARLES A. MORRILL & CO.

39 665
57 407

1. PRINCIPAL AND AGENT—*Powers of Agent*—*Notice.* Where goods were purchased from a salesman of a wholesale house, and before payment said house by its agent notified such purchasers not to pay said salesman for the goods, and afterward the purchasers claimed to have paid the salesman without knowledge or notice that he was a mere salesman, *held*, that it is competent for the plaintiff to show that such purchasers had previously purchased goods of said house of and through the agent from whom they received notice, and at the time of the purchase had knowledge that he was the agent of said house.

2. EVIDENCE—*No Reason Given for Objection.* Where it is claimed that improper evidence has been admitted over the objection of a party, but where the record shows that no reason was given for the objection to the testimony, *held*, that the court below committed no error in disregarding the objection.

3. ———— *Debt of Agent Included in Payment for Goods.* Where goods are purchased from a salesman and agent of a wholesale house, and it is claimed by the purchasers that the goods were received from, and the purchase-price thereof paid to, such agent without knowledge that said person represented said house, *held*, not error to permit plaintiff to show that in the pretended payment for the goods to the agent, an individual indebtedness of the agent was settled as part of the payment.

*Error from Atchison District Court.*

THIS was an action brought by Charles A. Morrill, doing business as *Charles A. Morrill & Co.*, against *Mary E. Smith* and *John C. Hooper*, to recover $180, the purchase-price of ten thousand cigars, together with interest thereon. Trial by the court, and findings of fact and conclusions of law for the plaintiff and against the defendants; on December 29, 1886, judgment for the plaintiff for $200.82. Defendants bring the case here.

*Jackson & Royse*, for plaintiffs in error.

*Bailey & Baldwin*, for defendant in error.

Opinion by CLOGSTON, C.: This was an action brought by the defendants in error, plaintiffs below, for the purchase-price of ten thousand cigars sold and delivered by their agent to the defendants. The record shows that these cigars had been sold by one O'Connell, a traveling salesman of plaintiffs, to some firm in the city of Atchison which had refused to receive them, and O'Connell, under the direction of plaintiffs, sold the goods a second time, and plaintiffs in error, defendants below, became the purchasers. As a defense to this action, they claim that they purchased the goods from O'Connell, and paid him for the same, without any knowledge that the goods belonged to plaintiffs. Three errors are assigned, the first of which is, that the court permitted the plaintiffs below to cross-examine the witness Smith as to the purchase of goods by said witness from Morrill & Co., in 1883. The evidence shows that prior to the formation of the partnership of Smith & Hooper, Smith had been engaged in the dry-goods business, and at the time of this transaction Smith was the business agent of Smith & Hooper, Mrs. Mary E. Smith being the wife of this witness. Plaintiffs had offered evidence tending to show that prior to the payment claimed by the defendants to O'Connell for the goods in question, one Wilson was sent from Chicago as the agent of plaintiffs, to Atchison, to investigate this transaction, and while there had a conversation with Smith and the firm of Smith & Hooper, and directed them to pay no money to O'Connell. Smith in his evidence seems to deny knowledge of Morrill & Co., and also of Wilson's authority from them. This question as to the purchase of goods by Smith while engaged in business was competent to show that he had had dealings with the plaintiffs, and that a bill of goods was purchased by him from Morrill & Co. through the witness Wilson, and that by that transaction he had knowledge, not only of Morrill & Co., but also that Wilson had been or was agent of plaintiffs. This we think was competent testimony, and proper on cross-examination.

The second error alleged is, the admission of the evidence of witness Wilson as to a conversation between witness and

O'Connell, not in the presence of the defendants. The record shows that while there was an attempt made to object to this testimony, yet no reason was given why the evidence was not competent. This court has frequently held that all objections that do not state the reason for the same, will be disregarded. In addition to this, we think the evidence was competent on cross-examination of O'Connell as a witness for the defendants. His attention was called to this conversation, and to his declarations made to Wilson in relation to this transaction and the payment of this money, and it was proper after this foundation had been laid to offer the testimony of Wilson tending to impeach O'Connell's statement.

The third error alleged is, that the court permitted in evidence the account of B. Smith against O'Connell, an account that had been made by O'Connell while Smith was engaged in the dry-goods business, sometime in the year 1883. Smith, failing in business, had made an assignment to Symns & Co., and his books were then held by them, but at the time of the claim of payment the books had been left by Symns & Co. at the store of the defendants. The defendants and O'Connell pretended to deny that such a claim was deducted from the payment of the $180. We think that the evidence was competent to show that O'Connell was indebted on this Smith account, and to show that it was paid and retained out of the money due Morrill & Co., because if any sum was so retained, notwithstanding the balance of the money may have been duly received by O'Connell, there would still be due the amount so retained. It is a well-established doctrine, that an agent cannot pay his individual debts out of claims due his principal. If Smith & Hooper retained the $31.45 that O'Connell was owing Smith, that was no payment to Morrill & Co. For this reason we think the evidence was competent, and that the judgment of the court below must be affirmed.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.