No. 18,594.

ELLA R. EWING, *Appellee,* v. THE WICHITA RAILROAD AND LIGHT COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. MOTION—*To Strike Out Testimony—Properly Overruled.* The overruling of a motion to strike out testimony to the admission of which no objection was made and where the grounds of the motion to strike out are not stated is not error.

2. STREET CAR—*Passenger Alighting While in Motion—Not Negligence per se.* It is not negligence *per se* for a passenger to alight from a street car while it is in motion.

3. SAME—*Violent Starting of Car—May Result from Negligence.* The mere fact that a passenger is upset by the motion in starting an electric car does not establish negligence in those operating it, as the movement may be one that is usual and incident to that means of transportation, but proof of an injury received by a passenger from the sudden and violent starting of a car as he was alighting therefrom is ground for an inference of negligence against the railway company.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 10, 1914. Affirmed.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellant.

*P. D. Gardiner,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was begun by the appellee, Ella R. Ewing, to recover damages from the appellant, The Wichita Railroad and Light Company, for injuries sustained by her when alighting from one of the appellant's cars which it operated in the city of Wichita. On January 30, 1912, at about 6:30 P. M., the appellee became a passenger thereon by boarding the car on Pattie avenue to go to Elm and Main streets. When about the middle of the block south of Elm street she pressed the button signaling the motorman to stop the car to let her off at Elm street. As the car slowed down she arose from her seat and proceeded toward the door at the rear end of the car. In her arms she carried two bundles and a fur muff. She testified that it was the custom for the cars to stop on the near crossing, but that the car on which she was continued to the middle of the street before stopping; that just as soon as it did stop she stepped out on the platform and proceeded to alight, and that just as she was about to step upon the ground the car gave a sudden lurch, throwing her violently to the ground, from which she sustained bruises and sprains and serious internal injuries. She further testified that when she proceeded to alight from the car the conductor was not on the rear platform, but was inside the car talking to some other street-car employees. At the trial of the case the jury found for the appellee and fixed the amount of her recovery at $300. Overruling a motion for a new trial made by appellant, the court gave judgment upon the verdict, and the company appeals, alleging error in the admission of evidence, in the instructions given to the jury, and in the rulings upon the special findings of the jury.

One witness in answer to a question as to whether the appellee moved about or was able to wait on herself said, "No, not very much; it was agony every time

she moved." To another question as to her condition at a stated time the witness said appellee seemed to be weak and to suffer "untold agony." Appellant asked that the answers be stricken out but did not state the ground of its request. No objections were made when the questions were asked nor were any specific objections made to the answers given. The trial court did not know whether the objection was that the witness was not competent nor in a position to know of the condition of appellee or, if it should be assumed that she was competent, whether her statement that the appellee was in great pain or agony was derived from appearances or exclamations made at the time spoken of. Witnesses, who are not expert but have an opportunity to know, may testify as to the bodily condition and health of persons in certain cases, and their knowledge may be gained from appearances, exclamations or conduct. (*Betterment Co. v. Reeves,* 77 Kan. 111, 93 Pac. 627.) In the absence of a specific objection the trial court could not know the ground of appellant's motion, and this court can only review rulings brought to the consideration of that court; but in no view could the admission of the testimony have been prejudicial error. (*Smith v. Morrill,* 39 Kan. 665, 18 Pac. 915; *Howard v. Howard,* 52 Kan. 469, 34 Pac. 1114.)

The objection that the averments of the petition did not warrant testimony as to the injury to the internal organs of the appellee resulting from the injury is not substantial.

There was testimony offered that the appellee signaled the car to stop at a crossing, and that after the car had stopped and while she was in the act of alighting the car was suddenly and violently started without warning, throwing her upon the pavement and causing the injury for which the action was brought. No evidence to the contrary is before us, as that given in behalf of the appellant has not been abstracted. The

court, however, appears to have instructed the ·jury upon the theory· that there was some testimony upon which a claim might be made that appellee had undertaken to .alight .when the car was in motion. After defining ordinary and contributory negligence the court instructed the jury that:

"If you find that the plaintiff alighted from the defendant's street car while it was in motion, you are instructed it is not contributory negligence 'per se' that is, in and of itself, for her to have so alighted from the car, but the question as to whether this act on her part constituted contributory negligence depends upon whether the danger in alighting· was so obvious. that a prudent person under the circumstances would have done so; and it is to be determined by you upon a consideration of the rate· of speed at which the car was moving, the conduct of those in charge of the car, the· conduct of the plaintiff, the fact that she was carrying packages, and all the circumstances. connected with her act of alighting from the. car."

The appellant· asked the court to instruct the jury that if appellee got·off the car ·while it was in motion she could not recover. This request was properly refused as it has been determined that:

"A passenger is not chargeable with negligence as a matter of law merely because he alights from a street car at a regular stopping place after it has been practically stopped for. that purpose." :(*Finger v. Railroad Co.*, 85 Kan. 172, 175, 116 Pac. 366.) .

(See, also, *A. T. & S. F. Rld. Co. v. Hughes,* 55 Kan. 491, 40 Pac. 919; *Railroad Co. v. Burrows,* 62 Kan. 89; 61 Pac. 439; *Railway Co. v. Loewe,* 69 Kan. 843, 74 Pac. 234; *Railway Co. v. Holloway,* 71 Kan. 1, 80 Pac. 31.)

Although complaint is made of the· refusal of the court to give an instruction to the effect that if appellee was on the platform or step of the car and was thrown off by a motion of the car that was not unusual no recovery could be had. An instruction upon this

subject was given by the court and it is one of which at least the appellant has no reason to complain. It was:

"You are further instructed that if you find from the evidence that the plaintiff got on the step of the car while the car was moving and was thrown off the car by reason of a jerk or lurch of the car and such jerk or lurch was only such as was ordinarily incident to the running of the car, she can not recover and your verdict should be for the defendant."

Those accustomed to ride on cars operated by electric power know that there is more or less of a jerk or sudden movement in starting them which has a tendency to disturb the poise of standing passengers. Movements which are usual and incident to that method of travel are anticipated and passengers ordinarily carefully guard themselves against their effect. The mere fact that a passenger is upset by a movement or jerk of a car in starting does not necessarily establish negligence in those operating it. An unusually sudden or violent jerk or lurch a passenger has no reason to expect, and proof of an injury received by a passenger from the sudden or violent starting of a car as she was alighting is ground for an inference that the carrier was negligent. Here there is testimony that the car stopped before appellee undertook to alight and that while stepping on the ground the car suddenly and violently started in a manner which indicated either a defect in the car or in its operation. The instruction given to the jury on the subject is as favorable to appellant as it had a right to ask.

There is some complaint as to the instruction regarding the burden of proof but we think no prejudice could have resulted from it; neither is there any good ground to complain of the special findings.

The judgment will be affirmed.