### No. 21,126.

IGNACE TERSINA, *Appellee*, v. THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, LIMITED, and H. F. BROOKS (et al.), *Appellants*.

#### SYLLABUS BY THE COURT.

INSURANCE—*Loss—Inconsistent Special Findings—Evidence—New Trial.* The court refused to order judgment for defendants upon the evidence or upon the special findings of the jury, but granted a new trial because the verdict returned by the jury was not supported by the evidence and because the special findings were inconsistent with each other and with the general verdict. *Held,* not error.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed December 8, 1917. Affirmed.

*A. S. Wilson,* of Galena, and *S. L. Walker,* of Columbus, for the appellants.

*C. A. McNeill,* of Columbus, and *E. B. Morgan,* of Galena, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Ignace Tersina against the Liverpool and London and Globe Insurance Company, H. F. Brooks, its agent, and W. B. Simms, the deputy state fire marshal, to recover damages for alleged malicious prosecution and false imprisonment. A demurrer to the evidence of plaintiff was sustained as to the defendant Simms. The jury returned a general verdict in plaintiff's favor against the insurance company for $25, and in favor of the defendant Brooks. This appeal is taken from the court's orders overruling defendants' motion for judgment upon the special findings of the jury and sustaining plaintiff's motion for a new trial.

Plaintiff's house and most of its contents were destroyed by fire. The property was insured by the defendant company in the sum of $600. Brooks, the local agent of the insurance company, was notified of the fire, after which he had plaintiff make out a list of the lost articles in the house, and the loss was reported to the insurance company at Chicago. Van Valkenburg, the company's state agent at Kansas City, was directed to investigate and adjust the claim, with the result that he forwarded plaintiff's proof of loss in the sum of $595.60 to the Chicago office with the recommendation that a draft for the amount be issued. After Brooks received this draft and before he had delivered it to plaintiff, he became suspicious as to the origin of the fire and suspected that claim had been made for property that was not burned. He informed the insurance company of his suspicions, and he testified that he thought it was such a case as should be investigated as provided by law. Van Valkenburg, acting for the insurance company, then reported the matter to the state fire marshal's office. In the investigation that followed the county attorney held an inquisition, at the close of which he did not immediately issue a warrant, but waited until Simms and Brooks again went to Carona, the village in which plaintiff's house was situated, for further inquiry into the matter. Although they did not find more evidence Simms advised the county attorney that he thought a warrant should be issued for plaintiff. At the suggestion of the county attorney Simms then had Brooks draw up a complaint, as the county attorney was busy with other matters, and Simms swore to the same. Plaintiff was arrested and held in jail twenty-four hours pending the obtaining of bond. At the preliminary hearing, after the introduction of the state's evidence, the complaint, at the suggestion of the county attorney, was dismissed. It appears that while the investigation was in progress some attempts were made by the insurance company to compromise the plaintiff's claim, but no settlement was reached and an action was commenced on the policy; but after the dismissal of the prosecution the check formerly withheld was delivered to the plaintiff. The plaintiff expended $100 in attorney fees, $10 for an interpreter, and lost ten days' time on account of the arson prosecution. This action was then brought, alleging in sub-

stance that the defendants were in a conspiracy for the purpose of maliciously bringing about the plaintiff's arrest and imprisonment, and of defrauding him out of the amount to which he was entitled under the policy.

The substance of the jury's special findings is that the insurance company was instrumental in instituting the criminal action through the correspondence of their agents setting in motion the machinery of the law through the fire marshal's office; that the insurance company deemed the fire to be of suspicious origin; that it was right for the company to report the fire to the fire marshal's office; that the insurance company committed wrong in instituting criminal proceedings after the inquisition showed no grounds of action; that the cause of the criminal action being instituted was the company's claim that more evidence could be procured; that the inquisition was held for the honest purpose of ascertaining if the fire was incendiary; that Brooks and Van Valkenburg held malice against plaintiff before the filing of the complaint by the fire marshal, and that the cause of such malice was false information; and that the plaintiff did not seek to secure payment for any articles of property that were not burned. The answer to question 6, to the effect that the defendants' claim that they could get more evidence, had caused the criminal action to be instituted against the plaintiff, was set aside by the court on the ground that there was no evidence to support it. The court stated that his ground for not sustaining the defendants' motion for judgment upon the special findings was that they were inconsistent, and that the grounds for the granting of the new trial were erroneous rulings in the admission of testimony for defendants, and that the verdict was contrary to the evidence.

It is insisted by the defendants that the evidence and findings compel a holding that no right of recovery against them had been established, and that this court should direct judgment in their favor. It is true, as the defendants contend, that the insurance company cannot be blamed for investigating cases in which there are grounds for their belief that a fire was caused by a claimant, or that he is claiming for the loss of property which was not in fact burned or injured. Indeed, the officers and agents of a company would be recreant in their duty if

they failed to make a *bona fide* investigation in such cases. The law authorizes the fire marshal to investigate the cause, origin and circumstances of any fire occurring in the state (Laws of 1913, ch. 312, § 5, Gen. Stat. 1915, § 10848; Laws of 1915, ch. 230, Gen. Stat. 1915, §§ 5354, 5355), and no fault can be found with an agent of the insurance company because he called the attention of the fire marshal to the fact that the plaintiff's building had been burned. The court found that the charge made against the deputy fire marshal, as to being in a conspiracy to defraud the plaintiff, was not sustained and he should therefore be dismissed from the case.

This elimination weakened the charge of conspiracy to quite an extent, but the jury have found that two of the agents of the insurance company had acted fraudulently and maliciously in accomplishing the arrest and imprisonment of the plaintiff. The testimony against them is rather weak and unsatisfactory, but we cannot say, as against the ruling of the district court, that the findings of the jury against the defendants were without support, or that there was no testimony worthy of submission to the jury. There was testimony tending to show that after an inquisition had been held by the fire marshal and the county attorney the evidence obtained failed to support the charges made against the plaintiff, and after a search on the following day for more evidence implicating the plaintiff none was found, and yet the agents of the insurance company persisted in securing the plaintiff's arrest. In a letter written by one of the agents he stated that, "it is very questionable in my mind as to the ability of the fire marshal to secure sufficient evidence to convict this assured of arson, but I think by our proposing to pay the amount of his purchases since the fire we can get our policy up," etc. Testimony was given of a remark by an agent of the insurance company to the effect that as soon as the plaintiff and his attorneys learned that the fire marshal was making a thorough investigation of the fire—an investigation which the agents of the company had set in motion— plaintiff would be willing to make a proposition of compromise. There was testimony, too, of a purpose to keep the information from the plaintiff that an investigation was to be made by the fire marshal, and that when the deputy marshal arrived he should be brought into contact with the agent of

the company before he had seen any one else. A little testimony was given that the representatives of the company were expecting that after there had been an investigation and prosecution the plaintiff might be willing to compromise and reduce his claim—a compromise which the agents of the insurance company had in mind always and were willing to make.

The findings did not warrant the verdict. One finding was set aside and there are obvious inconsistencies in the remaining ones. Both parties complain of the conflict in the findings, both attack particular findings on the ground that they are not sustained by the evidence, and both have good grounds for their complaints. Some of the findings are of doubtful import and some conflict with the general verdict, and hence the court could not uphold them nor make them the basis of a judgment.

"When the special findings of a jury are in conflict with the general verdict, and are inconsistent with each other, and are so uncertain and incomplete that this court cannot render judgment on them, it is not error in the court below to grant a new trial for these reasons." (*C. I. & K. Rld. Co. v. Townsdin*, 38 Kan. 78, syl. ¶ 1, 15 Pac. 889.)

Another sufficient ground for the order granting a new trial was error of the court in the admission of testimony. The defendants were allowed to cross-examine the plaintiff as to supposed violations of the prohibitory liquor law, as they had a right to do for the purpose of impairing his credibility, and the extent to which such an examination may go is largely in the discretion of the court. After his denial of the commission of the supposed offense, other witnesses were then called for the purpose of showing that he was guilty, and the real issues of the case for a time were lost sight of and the plaintiff was tried for a public offense. This was an unwarranted inquiry and one likely to have prejudiced the plaintiff. (40 Cyc. 2627.)

No error was committed in granting a new trial.

Judgment affirmed.