No. 35,828

ELIZABETH GANT, *Appellee*, v. THE GAS SERVICE COMPANY, *Appellant*.

(135 P. 2d 533)

Opinion filed April 10, 1943.

*Roy C. Davis, Warren H. White, Frank S. Hodge, William Vernon, Jr., Eugene A. White*, all of Hutchinson, and *R. D. Garver*, of Kansas City, Mo., were on the briefs for the appellant.

*Erskine Wyman, Max Wyman* and *Aaron Coleman*, all of Hutchinson, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for injuries alleged to have been sustained when plaintiff fell into a ditch which had been made by the defendant and left without proper lights. Judgment was for the plaintiff. Defendant appeals.

The petition alleged that there was an alley between two streets in Hutchinson and that the plaintiff had excavated a ditch across this alley at right angles to the street; that the ditch was left unguarded without proper danger signals and that the plaintiff fell into the ditch and was injured.

At the close of the plaintiff's evidence the defendant demurred to it on the ground that the plaintiff's own testimony convicted her of contributory negligence. The overruling of this demurrer is one of the errors of which defendant complains. The record is not very clear as to how close the ditch was to the place where plaintiff crossed the alley. However, she testified that she left church at about nine o'clock and turned north on Maple street in the direction she usually took going home and that as she walked along by the alley she fell into a "blank space" and the first thing she knew she was in the ditch. She testified on cross-examination that she had seen men working out in the street, but she denied that she had seen them near the alley. The burden of the argument of defendant is

that because she saw lanterns out in the street this was notice of a dangerous condition and she was guilty of contributory negligence by not proceeding with proper caution. We are unable to agree with this argument. The record is not entirely clear as to just what the situation was. However, the fact that men had been digging in the street would be no notice to the plaintiff that she could expect an open ditch right by the place where she crossed the alley in her use of the sidewalk. Under such circumstances the question of whether plaintiff was guilty of negligence which contributed to her injury so as to bar her recovery was one for the jury. See *Farmer v. Central Mut. Ins. Co.*, 145 Kan. 951, 67 P. 2d 511; *Harshaw v. Kansas City Public Ser. Co.*, 154 Kan. 481, 119 P. 2d 459, and *Blankenship v. City of Caney*, 149 Kan. 320, 87 P. 2d 625. We hold that the demurrer to the evidence of plaintiff was properly overruled.

When the jury returned its verdict there was an item allowed plaintiff of $200 for expenses incurred. A doctor who took care of her testified that his bill for services was $200 and that it had not been paid. He did not testify that the $200 was a reasonable charge for what he did. We are unable to find in this record any place where the defendant asked that this answer be set aside or that this item be stricken from the amount of the general verdict. Among the specifications of error set out by the defendant is one that the trial court erred in failing to instruct the jury that a medical expense item should not be allowed, but we cannot find any place where the court was asked to give any such instruction. Furthermore, in the absence of any evidence to the contrary and where the doctor did testify as to what he had done for plaintiff and what he found her injuries to be, we hold that where he said his bill was $200 and he did take care of her this was some evidence that the bill was reasonable.

Defendant next argues that in rebuttal plaintiff was permitted to stand up before the jury and raise and lower her arm and also display her knees to the jury while the doctor, who had taken care of her, discussed her purported injuries and pointed out what he claimed were abnormalities resulting from the injuries complained of in her petition. The defendant had asked and had been given permission to have the plaintiff examined by two neutral physicians. They had testified that the plaintiff was not injured at all and had stated in detail what they had found her condition to be. We see no reason why it was not proper in rebuttal for the jury to

be permitted to see the plaintiff and for her physician to be permitted to point out what he had found her condition to be.

Defendant next complains that the plaintiff on cross-examination of one of the neutral physicians, who had testified for the defendant, was permitted to ask him whether it would be possible for a person to have sustained a permanent injury from the kind of a fall described by plaintiff. The question of the extent to which cross-examination of a witness to impeach his credibility will be allowed is one of discretion of the trial court. See *State v. Warner*, 129 Kan. 360, 282 Pac. 935; *Atkinson v. Wiard*, 153 Kan. 96, 109 P. 2d 160, and *Tawzer v. McAdam*, 134 Kan. 596, 7 P. 2d 516. The trial court did not abuse this discretion.

The judgment of the trial court is affirmed.