No. 39,932

MACK SANDERS, *Appellee*, v. DALLAS R. A. SITTON, *Appellant.*

(292 P. 2d 1099)

Opinion filed January 28, 1956.

*John W. Sowers,* of Wichita, argued the cause, and *Clarence R. Sowers,* of Wichita, was with him on the briefs for the appellant.

*James W. Sargent,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, S. C. Durbin, Stanley E. Wisdom, Vincent L. Bogart* and *Cecil E. Merkel,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for assault and battery. Plaintiff recovered judgment and defendant appeals.

The pertinent facts may be briefly stated: Plaintiff was a television and radio performer having the professional name of Mack

Sanders and the real name of John Bozeman. On the night in question, he was returning the members of his band to their respective residences after a performance and, while taking the last band member home, a car driven by defendant drove alongside of them and continued to do so for a number of blocks. There were several young passengers in defendant's car, waving and calling to plaintiff. When plaintiff stopped at a street stop sign, defendant stopped about fourteen feet behind his car. At this time the passengers in defendant's car were still calling to plaintiff. He got out of his car and approached the driver's side of defendant's car to see what they wanted. Defendant told him the boys on the other side of the car wanted to see him and, as plaintiff proceeded around the front of defendant's car, some of the passengers alighted, and as plaintiff passed the glare of defendant's headlights in an attempt to go to the other side, he was struck on the jaw by defendant, causing a compound fracture of the left mandible, or a broken jaw, with penetration of the bone into the mouth cavity proper. Defendant and his companions immediately jumped into their car and sped away.

Plaintiff testified that his real and family name was John Bozeman; that Mack Sanders was his stage name and he went by that name on his television and radio programs, and it had been his professional name since the year 1948.

Defendant contended inasmuch as plaintiff's action was brought in the name of Mack Sanders instead of John Bozeman, he was not the real party in interest, and that the court erred in overruling his motion at the outset of the trial to make John Bozeman a party plaintiff, and in overruling his post-trial motions for judgment notwithstanding the verdict.

A somewhat similar situation arose early in this state in the case of *Clark v. Clark*, 19 Kan. 522. One Sarah J. Brown eloped to Kansas with Thomas J. Clark. They lived together and she was known only as Sarah J. Clark in the community. She brought an action in the name of Sarah J. Clark against him for money had and received. This court permitted her to sue in the name of Clark, since that was the name by which she was known in the community. We held that the real party in interest brought the action, as the record sufficiently identified such party so far as her name was concerned, as to disclose a complete bar to a similar action between the same parties.

One may, without abandoning his real name and without fraudu-

lent intent, adopt any name different from his and by which he may transact business, execute contracts, sue and be sued. A man's name is the designation by which he is distinctively known in the community. (*Lumber Co. v. Collinson,* 97 Kan. 791, 156 Pac. 724.)

A judgment rendered on a petition entitled in the professional name of the real sole party interested as plaintiff will not be reversed where the record discloses the name of the actual party plaintiff, and substantial justice has been done, and no substantial rights of the defendant have been prejudiced. (*Walker Implement Co. v. Ellis,* 121 Kan. 405, 247 Pac. 637.)

There is nothing so sacred in a name that right and justice should be sacrificed to its sanctity. So a person may sue in any name in which he may contract, as well as in any name by which he is generally known. (*Latham v. Harrod,* 71 Kan. 565, 569, 81 Pac. 214; *Lumber Co. v. Collinson,* supra, and authorities therein cited.)

G. S. 1949, 60-401, requires that every action must be prosecuted in the name of the real party in interest. The record discloses that John Bozeman was the actual plaintiff and was the real party in interest. It is the identity of the individual that is regarded and not the name which he may bear or assume. (65 C. J. S. 9; 38 Am. Jur. 601.) The assault and battery was on the plaintiff whether he be known as Bozeman or Sanders, and the record sufficiently identified the plaintiff so far as his name was concerned as to disclose a complete bar to a similar action between the same parties.

Defendant further contends that the trial court erred in denying his motion for a mistrial. On cross-examination of defendant for the purpose of affecting his credibility, plaintiff asked whether it was not true that he had been convicted of assault on Mack Sanders on the date in question, to which he answered "Yes." Defendant then objected to the question and demanded a mistrial. The court sustained the objection to the question and answer and overruled defendant's motion for mistrial. No motion was made to strike the testimony nor that the court admonish the jury to disregard the question and answer. Plaintiff's action was based on assault and battery. Defendant by way of answer alleged self-defense, and testified, in substance, that as plaintiff approached his car he saw his shoulders move back as if he was going to hit defendant, and that he swung to protect himself. In view of the defense and the testimony, plaintiff was well within his rights in refreshing the defendant's recollection and testing his credibility as a witness

whether he had not been convicted of an assault on the plaintiff on the day in question.

G. S. 1949, 60-2801, provides that no person shall be disqualified as a witness in any civil action by reason of his conviction of a crime, but such interest or conviction may be shown for the purpose of affecting his credibility.

In *Zinn v. Updegraff*, 113 Kan. 25, 213 Pac. 816, we held that where a party to an action is a witness in his own behalf, it is error to restrict his cross-examination upon matters which clearly affect his credibility as a witness. In the mentioned case, the plaintiff was asked on cross-examination with regard to his habits of driving and if he had not been arrested, and if he had not pleaded guilty, and paid a fine for reckless driving with his motorcycle on the night before the day of the collision. An objection was sustained to the question, and in reversing the judgment we said that it was proper cross-examination and the evidence should have gone to the jury in considering the weight of defendant's testimony.

Where a party takes the stand as a witness his adversary has the right, on cross-examination, for the purpose of affecting his credibility, to inquire touching his past life and conduct, the limits of such inquiry being ordinarily within the discretion of the trial court. (*State v. Shanahan*, 114 Kan. 212, 217 Pac. 309.) It is the salutary rule of trial practice that when a party is a witness in his own behalf, and where the issues of fact must largely turn on the credence which the triers of fact will give to his testimony, the fullest inquiry should be permitted on cross-examination to discover not only the accuracy of his understanding but his memory and his credibility as well. To that end he may be cross-examined on collateral matters which may throw light upon the matters in issue, and where determination of the main issue of fact must largely depend upon the credence to be accorded to the testimony of a litigant who is the principal witness in his own behalf, a wider range of cross-examination should be allowed than is commonly permitted in the cross-examination of witnesses in general. (*Tawzer v. McAdam*, 134 Kan. 596, 7 P. 2d 516; *Wood v. McKeever*, 141 Kan. 323, 41 P. 2d 989; *Lewis v. Montgomery Ward & Co.*, 144 Kan. 656, 62 P. 2d 875; *Kelly v. Meyer*, 156 Kan. 429, 134 P. 2d 658, and cases therein cited; *State v. Rowland*, 172 Kan. 224, 239 P. 2d 949.)

It is further contended that the court erred in overruling defendant's demurrer to plaintiff's evidence. No useful purpose

would be gained in detailing the evidence in this case. Suffice it to say that the evidence was conflicting as to who was the aggressor and the jury resolved this issue in favor of the plaintiff.

In view of what has been said, the trial court did not err (1) in overruling defendant's motion for judgment notwithstanding the verdict, (2) in refusing to grant a mistrial and, (3) in overruling the demurrer to plaintiff's evidence. The judgment of the trial court is affirmed.