No. 45,015

Verner T. Tucker, *Appellee*, v. Jack Lower and Nancy Lower, Defendants, Nancy Lower, *Appellant*.

(434 P. 2d 320)

Opinion filed November 27, 1967.

*Paul A. Wolf,* of Hugoton, argued the cause and *J. S. Brollier,* of Hugoton, was with him on the brief for appellant.

*James R. Yoxall* and *Stanley E. Antrim,* both of Liberal, argued the cause and were on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: An action was filed for personal injuries received in a car accident. A jury returned a verdict against the defendant Nancy Lower. She has appealed.

The defendant on appeal concedes negligence and directs her argument to five alleged trial errors as they may relate to damages. The facts surrounding the injury can be highly summarized.

The plaintiff, Verner T. Tucker, was working for the city of Sublette when the accident occurred. He was helping to lay water lines north of an east-west county road and was standing near a water line ditch. Another road from the south connected with the east-west road to form a "T" intersection. Defendant approached from the south and drove her car through the intersection, across the east-west road, over a three-foot pile of dirt, across the water line ditch and struck plaintiff in the back. Defendant received a serious back injury. He claimed damages in the amount of $61,-871.79. The jury awarded a verdict of $35,621.79.

The first trial error urged upon this court arises by reason of limitations placed upon the cross-examination of plaintiff.

Plaintiff had been convicted of various crimes over a period of thirty-one years preceding the trial of the damage action. From June 1963 to October 1965 he had been convicted of drunkenness on five different occasions. During this same period he had been convicted of reckless driving, allowing an unauthorized person to drive his automobile and having an open bottle in his car.

In 1964 he was convicted of stealing a package of bacon from a supermarket. In 1960 he was convicted of petty larceny in Colorado and in 1955 of receiving stolen property in Illinois. In 1945 he was convicted of stealing a tire in Illinois and in 1934 he was convicted of assault with a deadly weapon. He was charged with stealing tools from a service station in North Dakota but the date of this incident is not shown in the record.

After plaintiff had testified in support of his cause of action for damages the defendant attempted to question him concerning these convictions. The trial court permitted cross-examination as to plaintiff's conviction in Illinois in 1945 for stealing a tire. For this crime plaintiff had been sentenced to the state penitentiary in Illinois for one to three years. The penalty imposed for the crime made it a felony and the trial court admitted the evidence.

Attempts to question the plaintiff on the other convictions were unsuccessful. The evidence of these convictions was either stricken from the record when it was determined they amounted to misdemeanors or the defendant was precluded from questioning plaintiff concerning them. The evidence of convictions was sought for the purpose of impairing credibility.

Our former statute (G. S. 1949, 60-2801) was changed by the legislature in 1963. Our present code was in effect when this case was tried.

K. S. A. 60-420 provides:

"Subject to sections 60-421 and 60-422, for the purpose of impairing or supporting the credibility of a witness, any party including the party calling him may examine him and introduce extrinsic evidence concerning any conduct solely for the purpose of supporting his credibility."

K. S. A. 60-421 provides:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility."

K. S. A. 60-422 in pertinent part provides:

"As affecting the credibility of a witness . . . (c) evidence of traits of his character other than honesty or veracity or their opposites, shall be inadmissible; (d) evidence of specific instances of his conduct relevant only as tending to prove a trait of his character, shall be inadmissible."

These codified rules of evidence relate to examination of a witness

during the trial when his credibility is questioned. The issue is credibility and it is collateral to the main issues in the case.

At common law a person convicted of an infamous crime was incompetent to testify as a witness. (98 C. J. S., Witnesses, § 507 [*a*].) The common law rule was changed in Kansas to permit a person who had been convicted of a crime to testify but proof of such crime was permitted only as affecting credibility. (G. S. 1949, 60-2801.) Our present statute limits evidence of convictions to impair credibility to those crimes involving dishonesty or false statement. This limitation is new. No cases on this particular subject are cited in the briefs and our research discloses none.

The recent codification of the rules of evidence in Kansas appears to be an outgrowth of the work of The National Conference of Commissioners on Uniform State Laws. K. S. A. 60-421 and 60-422 are identical in wording to Rules of Evidence 21 and 22 approved by the commissioners in 1953. (See 9A U. L. A. pp. 607, 608.) Kansas appears to be the only state which has adopted these rules of Evidence. (See 9A U. L. A. p. 589.) Therefore we have no law from other states to guide us in determining when a crime involves dishonesty or false statement.

Some states limit the use of convictions for determining credibility of a witness to crimes generally. Others limit it to infamous crimes. Infamous crimes are treason, felony and the *crimen falsi*. At common law it was the nature of the particular crime which determined whether it fell in the latter classification and was inherently bad. Some states have adopted the rule that crimes involving moral turpitude are worthy of testing credibility. But in all of these various terms we find a vague and uncertain meaning which plagues the courts. (See 6 Jones on Evidence, 2d Ed. § 2441.)

An extensive and well written article on the subject of previous conviction of a crime as a test of veracity appears in 89 University of Pennsylvania Law Review pp. 166, 174.

The Advisory Committee Notes aid in construing the purpose and meaning of these changes. With reference to K. S. A. 60-421 they read as follows:

"This section takes the logical view that evidence of previous conviction of a crime does not reflect on the credibility of the witness unless the crime involved dishonesty or false statement. It cannot be logically inferred, for example, that a person who has committed a crime of passion would perjure himself on the witness stand. . . ." (Gard—Kansas Civ. Proc. § 60-421, p. 392.)

The word "crime" by statutory definition (K. S. A. 21-128) includes both felonies and misdemeanors. K. S. A. 60-421 provides that evidence of the conviction of a witness *for a crime not involving dishonesty or false statement shall be inadmissible* for the purpose of impairing his credibility. There appears no limitation except the crime must involve dishonesty or false statement. The statute does not distinguish between felonies and misdemeanors. The exclusion of such evidence on the ground it related to a misdemeanor was error. Admissibility is not based on the penalty imposed for the crime. It is based upon whether it involves dishonesty or false statement.

The dictionary (Webster's, Unabridged, 3d Ed.) defines dishonesty as a lack of honesty, probity or integrity in principle; lack of fairness and straight forwardness; disposition to defraud, deceive or betray. When you add to "dishonesty" the words "false statement" you enlarge the category of crimes permitted to test credibility to those perpetrated by the use of fraud, deceit, perjury, trick or false statements.

With this background let us examine the crimes with which we are here concerned to determine if they fall outside the boundary prescribed by the statute.

Drunkenness, reckless driving, allowing an unauthorized person to drive and having an open bottle in the car are not generally considered to be crimes of an inherently bad nature. They are considered *mala prohibita.* They do not evidence dishonesty as that term is understood and no false statement, fraud, deceit or trick is associated with them. We hold these crimes fall within the ban of the statute and are inadmissible for the purpose of impairing the credibility of a witness. Convictions of these specific crimes should have been excluded from evidence. It was not prejudicial to exclude them merely because a wrong reason may have been given for doing so.

The crime of larceny, or of participating therein by knowingly receiving stolen property, generally involves a wilful injury to another person or his property and a considered disregard for such injury. To steal is understood to be dishonest, shows a lack of integrity in principle and a lack of fairness. Therefore convictions of larceny and receiving stolen property, regardless of the penalty imposed, are admissible to impair the credibility of a witness. Exclusion on the ground the conviction related only to misdemeanors

was error. The penalty imposed for a crime is not the basis for exclusion.

The question remains as to whether from the record it affirmatively appears the error prejudicially affected the substantial rights of the parties. (See K. S. A. 60-2105.)

This is a civil action for damages where negligence is conceded on appeal. The plaintiff received a broken back and his testimony was not the sole source of truth on any issue of the case. The medical testimony of the three orthopedic surgeons was extensive on the nature and extent of the injury, pain and suffering, present and future medical expense and permanent injury. There was little conflict in the medical testimony. Income tax reports were introduced to evidence earnings. The evidence on primary issues in the case was not restricted by limiting the cross-examination of plaintiff. The sole purpose of this questioning was to impair his credibility as a witness. The jury was informed by the evidence that plaintiff had been convicted of grand larceny in Illinois and that he was sentenced from one to three years for the crime. The trial court did permit his credibility to be impaired to this extent. The jury was not without information of plaintiff's conviction of crime.

In *State v. Warner*, 129 Kan. 360, 282 Pac. 735, the court said: [Syl. ¶ 1].

"The extent to which a trial court may permit the cross-examination of a witness in respect to matters not connected with the case for the purpose of affecting his credibility is a matter that rests largely in the sound discretion of the court."

(See also *Lewis v. Montgomery Ward & Co.*, 144 Kan. 656, 662, 62 P. 2d 875; *Gant v. Gas Service Co.*, 156 Kan. 685, 687, 135 P. 2d 533; *Sanders v. Sitton*, 179 Kan. 118, 121, 292 P. 2d 1099; *In re Estate of Roberts*, 192 Kan. 91, 100, 386 P. 2d 301.)

A ruling on the relevancy of evidence, based upon remoteness, ordinarily rests in the discretion of the trial court and will not be reversed unless it clearly appears the ruling constituted an abuse of sound judicial discretion. *State v. Schuman*, 151 Kan. 749, 751, 100 P. 2d 706.)

An additional reason exists why the trial court must have, and should exercise, sound discretion in this area. The court should prevent a trial from going off on tangents of relative unimportance as apparently was the case in *Tersina v. Insurance Co.*, 102 Kan. 87, 169 Pac. 559, where it was said: [p. 91].

". . . After his denial of the commission of the supposed offense, other witnesses were then called for the purpose of showing that he was guilty and the real issues of the case for a time were lost sight of and the plaintiff was tried for a public offense. This was unwarranted inquiry and one likely to have prejudiced the plaintiff. (40 Cyc. 2627.)"

Under the circumstances of this case as shown by this record the error in limiting the cross-examination of the plaintiff does not affirmatively appear to have prejudicially affected the substantial rights of the defendant.

Defendant's second claim of error is based upon restrictions placed upon his opening statement. He was directed to refrain from comment upon plaintiff's character and criminal convictions. This limitation by the court was proper since these matters were not within the issues formed by the pleadings. The trial court has discretion to limit the opening statements of counsel within the bounds of propriety and the issues formed by the pleadings. (*Miller v. Braun,* 196 Kan. 313, 411 P. 2d 621.)

Appellant next contends it was error for the trial court to deny defendant the right to cross-examine plaintiff on the number of days he spent in jail during the previous year as this would affect his earning capacity.

Such evidence might have some probative value to indicate lack of earning capacity. A man in jail cannot have normal earning capacity. The proffer of evidence as to jail residence covered time spent for conviction of drunkenness, permitting an unauthorized person to drive and having an open bottle in his car. The trial court excluded the evidence on the grounds that it was irrelevant, immaterial and prejudicial.

The jury allowed $8,000.00 for all present and future loss of wages. Plaintiff was 62 years of age. Evidence of earnings was introduced in the form of plaintiff's income tax reports. As to those periods of residence in the jail after plaintiff was injured the evidence would not have probative force on lack of earning capacity. The doctors and others testified after the accident and up to the time of trial plaintiff was unable to work because of his injuries. The probative force of this evidence had to be weighed along with the prejudicial effect which might have resulted from permitting cross-examination to indirectly establish conviction of crimes which had been properly excluded from evidence (drunkenness, etc.).

Again this is cross-examination of a witness where the trial court

has reasonable discretion. Any technical irregularity does not appear to have had prejudicial effect upon the substantial rights of defendant.

Defendant next contends it was error to exclude evidence to show plaintiff's physical condition while in the Seward county jail.

Appellant proffered evidence by the sheriff covering three different periods of time when plaintiff was incarcerated in jail after the accident. This evidence was offered by defendant for the alleged purpose of showing plaintiff's physical condition after the accident. In the proffer of evidence the sheriff testified the plaintiff evidenced only slight physical disability.

In actions for personal injuries appearance, action and conduct, as indicating health or lack of it, are relevant and such ordinary indications may be testified to by any competent person who was in a position to observe and know. (*Betterment Co. v. Reeves,* 77 Kan. 111, 93 Pac. 627; *Ewing v. Street Railroad Co.,* 91 Kan. 388, 137 Pac. 940.)

If the evidence was offered for this purpose as stated by the defendant it would be admissible even though it might have a tendency to prejudice the defendant in the eyes of the jury. (29 Am. Jur. 2d, Evidence, § 260.)

However, an affidavit of the sheriff was submitted by plaintiff at the argument on a motion for new trial. The affidavit varied substantially from the oral testimony proffered during the trial. The affidavit indicates that while in jail plaintiff complained of pain and suffering, requested a physician on numerous occasions and that he was given medication on a regular basis to ease his pain. It appears that the sheriff's testimony affecting damages would not have been favorable to defendant and its exclusion is not reversible error. (*Jukes v. North American Van Lines, Inc.,* 181 Kan. 12, 23, 309 P. 2d 692.)

Appellant next contends the jury's verdict was excessive and the court erred in not ordering a remittitur or a new trial on the issue of damages.

Evidence on the nature and extent of plaintiff's injuries, medical expense and pain and suffering was received from three orthopedic surgeons and from the plaintiff and two other persons. A large part of the testimony was not in serious dispute. As a result of this accident plaintiff sustained a serious and severe orthopedic injury to the first and second lumbar vertebrae. He was hospital-

ized for several months and during that time was placed in a body cast. Later he was fitted with a brace and was wearing it at the time of trial. Plaintiff was 62 years of age at the time of his injury and will be unable to work because of the injury unless he has major surgery and successfully receives a spinal fusion. Plaintiff stated that he was afraid of the operation and would not consider taking the risks involved.

There was other testimony which was in dispute, at least indirectly, to the effect that plaintiff has been in constant pain since the accident and needs help in dressing and caring for himself. Plaintiff testified he could not walk naturally, is unable to bend over, has lost all sensation of bowel movements and cannot sleep more than two hours at a time. He is on regular medication for pain.

The verdict awarded in this case totaled $35,621.79 and included $3,621.79 for past and future medical care which included the expense of a spinal fusion.

There is no exact yardstick by which pain and suffering can be measured and the various factors involved are not capable of proof in dollars. For this reason the only standard for evaluation is such amount as twelve reasonable persons estimate to be fair compensation when that amount appears to be in harmony with the evidence and arrived at without passion or prejudice.

What this court said in *Howard v. Stoughton,* 199 Kan. 787, 433 P. 2d 567, is equally applicable here.

"We cannot accept defendants' suggestion the verdict was so excessive as to indicate passion and prejudice on the part of the jury, and thus required a remittitur. The evidence already detailed adequately demonstrates the nature and extent of the plaintiff's injuries and his resultant damages. The rules for testing a verdict when challenged as being excessive were stated in *Domann v. Pence,* 183 Kan. 135, 325 P. 2d 321, and have been consistently adhered to in many of our subsequent decisions ( *e. g., Neely v. St. Francis Hospital & School of Nursing,* 188 Kan. 546, 363 P. 2d 438; *Kettler v. Phillips,* 191 Kan. 486, 382 P. 2d 478; *Slade v. City Cabs, Inc.,* 193 Kan. 105, 392 P. 2d 127)." (p. 792)

Appellant's final point is that the court erred by refusing to give the instruction requested by the defendant concerning mitigation of damages. There was evidence that if plaintiff would agree to a spinal fusion and if the spinal fusion was successful he might be relieved of pain and be able to work again.

In view of the answers of the jury to special questions we do

not need to concern ourselves with this requested instruction. Special question No. 4 was submitted and answered by the jury. It reads:

"4. If you find for the Plaintiff, and allow an amount for past and future earnings, is such amount based on what he would lose without a spinal fusion or what he would lose if he had a spinal fusion with the results estimated by the medical testimony in this case?

"Answer: With a spinal fusion."

The award of damages was clearly arrived at by the jury on the basis of a successful spinal fusion. Damages were mitigated by the jury. Regardless of the propriety of such mitigation of damages defendant cannot be heard to complain of failure to give her instruction thereon.

Judgment is affirmed.

FONTRON, J., dissenting: I agree that convictions of larceny and receiving stolen property are admissible to impair the credibility of a witness, whether the conviction be for felony or misdemeanor. Hence, as the majority opinion states, the trial court erred in excluding evidence of prior misdemeanor convictions of such character.

However, I cannot say that the exclusion was harmless error in this case. We are furnished no standard, so far as this record is concerned, by which error or lack of error can be gauged. A verdict of substantial size was returned in this case, the major items of which were in recompense of pain, suffering and permanent disability. The plaintiff testified fully and in detail concerning these items of damage. Despite evidence of a corroborating character, I am not persuaded that this court is qualified to say the excluded testimony was of such trifling consequence as to be unprejudicial.

It is true we have often said that the extent to which cross examination of a witness will be permitted on matters going to credibility lies within the sound discretion of the trial court. In this case, however, it is obvious that the evidence of prior misdemeanors convictions was excluded, not in the exercise of the court's discretion, but on the basis that such evidence was legally inadmissible. Hence, the trial court's ruling cannot be justified as the permissible exercise of judicial discretion.

An additional factor compounding the error of excluding the misdemeanor convictions was the rejection of the sheriff's testimony relating to plaintiff's physical condition when he was in jail. While

conceding this testimony was admissible, the majority of this court pontificates that its exclusion was non-prejudicial, on the ground it would have been favorable to the plaintiff. As I read the proffered evidence, the court's conclusion in such regard seems somewhat speculative. Be that as it may, I suggest that the weight and value of the sheriff's testimony were matters for the jury to determine.

For the reasons expressed I feel compelled, with due respect, to dissent.